365 So.2d 621 (1978)
Tommy TAYLOR
v.
MISSISSIPPI STATE PROBATION AND PAROLE BOARD et al.
No. 50635.
Supreme Court of Mississippi.
November 15, 1978.
Rehearing Denied January 10, 1979.
Tommy Taylor, pro se.
A.F. Summer, Atty. Gen. by Stephen J. Wright, Sp. Asst. Atty. Gen., Jackson, for appellees.
Before ROBERTSON, WALKER and BROOM, JJ.
WALKER, Justice, for the Court:
Taylor petitioned the Circuit Court of Sunflower County to issue a writ of certiorari for review of retrospective application of parole eligibility criteria. The court without a hearing took all the allegations of the petition as true and held that under the facts presented, there was no violation of Article 1, Section 10 of the United States Constitution or Article 3, Section 16 of the Mississippi Constitution forbidding ex post facto laws. For those reasons, the court denied the petition.
The issues presented are:
(1) Is a change in administrative interpretation of state law the equivalent of a "change in the law" within the meaning of the ex post facto clause?
(2) If so, are administrative interpretations of parole laws part of the "law annexed to the crime?"
Taylor was convicted on two charges of rape, one charge of attempted rape, and was sentenced to two consecutive life sentences and a consecutive ten-year sentence. He entered Parchman in December 1964. At that time, Mississippi Code Annotated section 4004-03 (1942) controlled eligibility for parole consideration. That section provided in part:

*622 Every prisoner who has been, ... convicted of any offense ... and is confined in ... the Mississippi State Penitentiary, for a definite term, or terms, of one year or over, or for the term of his or her natural life, whose record of conduct shows that such prisoner has observed the rules of said penitentiary, and who has served not less than one-third (1/3) of the total of such term or terms for which such prisoner was sentenced, or, if sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, may be released on parole as hereinafter provided... . Provided, however, that no one shall be eligible for parole until he shall have served one year of his sentence.
According to petitioner, the parole board interpreted the statute to mean that anyone serving a life sentence was eligible for parole in ten years and that multiple consecutive sentences made no difference in eligibility date. Under that interpretation, Taylor would have been eligible for parole in 1974. However, according to petitioner, subsequently, based on an opinion from the attorney general's office, the board changed its interpretation of the statute. The board now interprets the statute to apply to each of the consecutive sentences. Thus petitioner is not eligible for parole for twenty-three and one-third years (ten years for each of the two life sentences and three and one-third years for the ten-year sentence). Taylor contends the change in interpretation as applied to him results in a violation of the ex post facto clauses. See United States Constitution, Article 1, section 10; Mississippi Constitution Article 3, section 16 (1890).
In Calder v. Bull, 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798), several types of ex post facto laws were defined. Among those was one that "change[s] the punishment for a crime, thereby inflicting greater punishment than was permitted by the law annexed to the crime when committed."

I.
In the present case, the statutory law as it relates to the petitioner has not changed. The pertinent provisions of Mississippi Code Annotated section 4004-03 (1942) are presently embodied in Mississippi Code Annotated section 47-7-3 (1972). Only the administrative interpretation of the law has changed.
If the prior law required that a prisoner serve only the statutory minimums, consecutive terms notwithstanding, and that law was changed by the legislature, such action would result in an ex post facto law when applied to Taylor. However, the statute clearly provides a prisoner may be considered for parole after serving "... one-third (1/3) of the total of such term or terms for which such prisoner was sentenced ... or, if sentenced for the term of the natural life of such prisoner has served not less than ten (10) years of such life sentence... ." (Emphasis added). The statute, by speaking in terms of the "total of such term or terms" clearly carries with it the mandate that the terms, when imposed consecutively, should be added together to determine the time of eligibility consideration. Thus looking at the law in effect when Taylor committed the crimes, was convicted and sentenced, there was no law in existence to cause him to expect to serve less of his sentences than that provided by section 47-7-3. Under the present factual situation, we hold administrative correction of a prior misinterpretation of parole laws as applied to the appellant did not violate the ex post facto clause of the United States or Mississippi Constitutions. State v. Kiser, 26 Ariz. App. 106, 546 P.2d 831 (1976); Spence v. Page, 449 P.2d 717 (Okl.Cr. 1969). Contra Love v. Fitzharris, 460 F.2d 382 (9th Cir.1972), cert. granted and vacated as moot, 409 U.S. 1100, 93 S.Ct. 896, 34 L.Ed.2d 682 (1973).

II.
Assuming arguendo that correction of the former mistaken interpretation of parole law as applied to Taylor did reach *623 the level of a "change in law," nevertheless we hold that administrative decisions with regard to parole law eligibility are not such as are "annexed to the crime when committed" as required by Calder v. Bull, supra. Mississippi Code Annotated section 47-7-17 (Supp. 1977) provides that "... it [parole] ... shall not be considered to be a reduction of sentence or pardon."
We, therefore, hold that administrative decisions of the parole board with regard to parole eligibility are not "laws annexed to the crime when committed." For the above stated reasons, the judgment of the trial court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P.JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.