624 So.2d 496 (1993)
Danny L. WILLIAMS
v.
Steve W. PUCKETT, Superintendent, Mississippi Department of Corrections; Christine Houston, Director of Records, Mississippi Department of Corrections; and State of Mississippi.
No. 91-KP-1144.
Supreme Court of Mississippi.
September 23, 1993.
Danny L. Williams, pro se.
Michael C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
*497 Before HAWKINS, C.J., and PITTMAN and BANKS, JJ.
BANKS, Justice, for the court:
Here we are asked to examine our statutory scheme in relation to parole eligibility, "earned time",[1] consecutive sentences and mandatory sentences and find that the Department of Corrections is in error in calculating both the date of eligibility for parole and the date of presumptive release for Williams based on earned time commutation. Williams' contentions find some support in the plain language of the controlling statutes. Nevertheless, we pay deference to the construction utilized by the administering agencies and our prior decisions and reject his claim.

I
On February 7, 1985, Appellant Danny Williams was arrested in connection with an armed robbery. At the time, Williams was serving five years' probation on a 1984 conviction for uttering forgery. Williams' probation on the five-year sentence was revoked on February 15, 1985. He was sentenced to serve out the five years on the forgery charge.
On February 28, 1985, Williams was indicted by the Panola County Grand Jury for armed robbery. Williams pleaded guilty to the armed robbery charge on October 28, 1985, and the court sentenced him to ten years to be served consecutively with his earlier five-year sentence for forgery. In accordance with Mississippi Code Annotated § 47-7-3(1)(d) (1993), the court stated in the sentencing order that "said sentence shall not be reduced or suspended, nor shall Defendant be eligible for parole, probation, early release or good time."
On January 30, 1991, Williams filed in the Sunflower County Circuit Court a "Petition for Writ of Habeas Corpus or in the Alternative Motion to Show Cause." He claimed the date he had been scheduled for earned-time release by the Mississippi Department of Corrections contravened the guidelines set forth in the Mississippi Code. He sought to have the Sunflower County Circuit Court enter an order mandating that the Department of Corrections recompute his earned-time release date. Williams argued that the Mississippi Department of Corrections had erred in the treatment of his jail sentences for purposes of calculating his parole and earned-time release dates.
The MDOC had scheduled Williams to be eligible for parole on April 27, 1996, and earned-time release on January 13, 1998. Williams' probation on his five-year forgery sentence was revoked on February 15, 1985. He was given nineteen days credit for the time he spent in jail after being arrested for forgery and armed robbery in Panola County. The MDOC, therefore, slated January 27, 1985, as the day Williams technically began serving his five-year forgery sentence. They calculated his earliest possible parole date by figuring that Williams would have to serve at least one-quarter of his five-year forgery sentence (one year and three months) plus all ten years on his armed robbery sentence, since he was not eligible for parole on that term. The MDOC considered Williams to be serving his five-year sentence through the day he became officially eligible for parole on that sentence. That day, one year and three months from January 27, 1985, was April 27, 1986. Using this logic, the Department of Corrections designated April 27, 1996 as Williams' parole date.
As of April 27, 1986, Williams had thirteen years and nine months official jail time left to serve  the ten-year sentence plus the balance of the five-year sentence. To compute Williams' earned-time release date, the MDOC added that remaining jail time to April 27, 1986, and subtracted the good time Williams had been credited with through April 27, 1986. The date arrived at was January 13, 1998.
Williams asserted that these calculations resulted from an erroneous application of the parole and earned-time statutes and that he should have been eligible for release in ten *498 years from the inception of his sentence. Williams was subsequently allowed to amend his petition to assert that he was entitled to be released in approximately seven years and eleven months, despite the fact he had a ten-year, no-parole sentence for armed robbery. Williams has abandoned that claim on appeal.
A hearing was held on June 18, 1991, before Fourth Circuit Magistrate Betty Sanders. At the close of the hearing, the magistrate found as follows:
[Williams] began his first sentence, five years for forgery, on January 27, 1985 and was eligible for parole on April 27, 1986. One fourth (1/4) of his sentence, MISS. CODE ANN., Section 47-7-3 (Supp. 1990). He accumulated enough earned time to complete the five-year sentence on January 12, 1988. The 10 year mandatory sentence was then added changing his projected discharge date to January 13, 1998, with a parole eligibility date of April 27, 1996. Petitioner has accumulated no meritorious earned time.[2]
The magistrate recommended that Williams' case be dismissed with prejudice. On July 18, 1991, the Panola County Circuit Court entered an order adopting the findings and recommendations of the magistrate. Williams timely filed notice of appeal to this court.

II
Relying on Mississippi Code Annotated Miss. Code Ann. § 47-5-139(2) and § 47-7-3, Williams asserts that he should have been eligible for both parole and earned-time release in a flat ten years. Section 47-5-139(2) says, "An offender under two (2) or more consecutive sentences shall be allowed commutation [for earned time] based upon the total term of the sentences." Miss. Code Ann. § 47-5-139(2) (Supp. 1992). Section 47-7-3 provides that every prisoner sentenced to a "term or terms" of more than one-year shall be eligible for parole after serving onefourth thereof, or if the "term or terms" exceed thirty (30) years or the sentence is for a term of life then the prisoner may be released after serving ten (10) years. Miss. Code Ann. § 47-7-3. There is an exception applicable here which provides that where the sentence is for armed robbery there is no parole for sentences of less than ten (10) years and parole eligibility at ten (10) years for sentences in excess of ten years.
Williams suggests that, under § 47-5-139(2), he is allowed to commute as much as seven and one-half years of a fifteen year sentence. That commutation is statutorily limited only by the provision that earned time shall not effect a release prior to eligibility for parole. Miss. Code Ann. § 47-5-139(4). The only question then, per Williams, is when should he be eligible for parole. This he suggests, quite logically, is governed by the parole statute.
Section 47-7-3(1)(d) of the Mississippi Code makes armed robbery convicts sentenced to a "term or terms" in excess of ten (10) years eligible for parole after ten years. Miss. Code Ann. § 47-7-3(1)(d). As Williams reasons, he is serving "terms" in excess of ten years. Taking all provisions together, Williams believes that he should be eligible for good time release at an even ten years, because that would be the date he would be eligible for parole; and, likewise, that would be the date he could use his good time credits, which would be more than sufficient for discharge at that time. This requires that we answer the question whether a prisoner may earn, but not use, good time during service of a mandatory portion of his period of confinement and use that good time earned upon expiration of the mandatory portion of a sentence.
The problem with Williams' suggested construction of § 47-7-3 is that we approved an administrative interpretation of that statute in Taylor v. Miss. State Probation & Parole Bd., 365 So.2d 621 (Miss. 1979), which rejects his view. In Taylor, we faced a challenge to *499 the right of the parole board to apply its new interpretation of the statute to one who had been previously sentenced. Id. The old interpretation had been the same as the one here urged by Williams. Id. at 622. We rejected the challenge which contended that, as to Taylor, the change was an ex post facto law. Id. at 622-623.
More recently, in Milam v. State, 578 So.2d 272 (Miss. 1991), this Court had occasion to speak to the question of the proper treatment of consecutive sentences, one of which is a mandatory sentence for which no parole is available. There, the defendant Milam pleaded guilty to separate charges of armed robbery and manslaughter. 578 So.2d at 272. The circuit court sentenced him to consecutive terms of ten years for armed robbery and fifteen years for manslaughter. Id. at 272-73. During Milam's incarceration, the MDOC informed him of his parole eligibility date and Milam claimed that computation was in error, because it did not allow him credit for "good time" he had accrued during the years he had been incarcerated on his ten-year armed robbery sentence. Id.
We held that Milam's parole date, without reference to good time, had been calculated in accordance with Mississippi law. Id. at 273-74. The Court said in part:
It goes without saying that, when a person is by express order providing therefor sentenced to serve consecutive terms, imprisonment on the second, or each subsequent conviction, shall commence at the completion of the service of the term for the preceding conviction. Miss. Code Ann. § 99-19-21 (1972). His parole eligibility is a function of the law's response to those consecutive sentences. Davis v. State, 429 So.2d 262, 263 (Miss. 1983).
Id. at 274. The Court went on to hold that Milam would have to serve the full ten years on the armed robbery sentence and then one fourth of the fifteen-year manslaughter sentence to become eligible for parole. See 578 So.2d at 274.
Finally, in Davis v. State, 429 So.2d 262 (Miss. 1983), we held that the convict was required to serve 30 years for parole eligibility for three consecutive life sentences.
Williams claims that the wording of § 47-7-3(1)(d), would indicate that he is entitled to parole on these consecutive sentences after the service of ten years. Specifically, he focuses upon the phrase "term or terms" as used in that statute providing that one sentenced for robbery for a term or terms in excess of ten years shall be eligible for parole in ten years. He suggests that his robbery sentence in combination with his forgery sentence are "terms" within the meaning of the statute and that the statute dictates that he is eligible for parole after ten years. This is not an issue discussed in Taylor, Milam or Davis. Interpretation of this language was the genesis of the dispute presented in Taylor but the soundness of the agency interpretation was not at issue.
We do not consider this an open issue, however, given the fact that the interpretation given the statute by the agency chosen to administer it should be accorded deference. Gill v. Dept. of Wildlife Conservation, 574 So.2d 586, 593 (Miss. 1990). Here, the parole board interpretation has operated with our implicit approval for fifteen years. See, Taylor, 365 So.2d 621. If that interpretation is in error it should be corrected by the legislature. Given the law as presently interpreted the Department of Corrections has correctly calculated Williams' date of eligibility for parole.
Turning now to the question of earned time, we must analyze that statute in view of the fact that parole eligibility is established at eleven years and three months. We see first that regardless of how earned time is calculated the limitation expressed in § 47-5-139(4) dictates that the earliest that Williams can be released assuming no other limitations, is after he is eligible for parole. There are two other subsections of the statute to be considered.
First, the statute provides that an offender "under two (2) or more consecutive sentences shall be allowed commutation based upon the total of the term of the sentences." Miss. Code Ann. § 47-5-139(2). It is this provision which supports Williams' argument that he is entitled to a total of 7.5 years commutation, limited only by his parole eligibility date. The second provision, recently passed, *500 is § 47-5-139(1)(e), which provides that an inmate shall not be eligible for an "earned time allowance" if the inmate "has not served the mandatory time required for parole eligibility." Miss. Code Ann. § 47-5-139(1)(e). Clearly, if this second provision applies to Williams, he does not "earn" time during the service of mandatory time, an exception to the general provision of § 47-5-139(2).
The provision in question was adopted in 1992. It appears to be, however, a mere codification of the prevailing administrative construction and practice approved by this Court. Milam v. State, 578 So.2d 272; Cooper v. State, 439 So.2d 1277 (Miss. 1983). Out of deference to the agency charged with administering the statute and to stare decisis, we are obliged to leave that practice undisturbed.

CONCLUSION
For the foregoing reasons, the judgment of the circuit court denying Williams' petition for post-conviction relief is affirmed.
LOWER COURT'S DENIAL OF POSTCONVICTION RELIEF AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, McRAE, SMITH and JAMES L. ROBERTS, Jr., JJ., concur.
NOTES
[1] This sometimes referred to as "good" time. Cooper v. State, 439 So.2d 1277, 1278 (Miss. 1983).
[2] This should not be confused with "good conduct" earned time, which is sometimes also referred to as good time or administrative earned time and is authorized by § 47-5-138 and for which application is prescribed in § 47-5-139. Miss. Code Ann. §§ 47-5-138, -139 (1972). The term "meritorious earned time" refers to commutation authorized in Miss. Code Ann. § 47-5-142 (1972), as an incentive for completion of educational programs or participation in work projects or other special incentive programs.