# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-00081-SCT

*KEITH L. BROWN a/k/a KEITH JOHN BROWN*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/02/95 |
| TRIAL JUDGE: | HON. JOHN LESLIE HATCHER |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT ALLRED, III |
| DISTRICT ATTORNEY: | LAWRENCE Y. MELLEN |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND RENDERED - 10/16/97 |
| MOTION FOR REHEARING FILED: | 10/29/97 |
| MANDATE ISSUED: | 12/15/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

Keith Brown appeals the judgment of the Bolivar County Circuit Court wherein the trial court dismissed as moot Brown's petition for reinstatement of his parole and earliest conditional release dates, on the basis that this relief had already been granted. Brown appeals on the grounds that while the court was correct in its ruling that the original release and parole dates had been reinstated, a correct reading of the relevant statutes would show that his parole and conditional release dates should be in 1997, not 2002. This Court finds that Brown is indeed eligible for parole in 1997, or February, 1998, at the latest, and thus reverses the trial court on this matter.

## FACTS

Keith Brown pled guilty to two counts of armed robbery on May 25, 1987 in the Circuit Court of

Bolivar County, Mississippi. At that time the trial judge, Honorable John Leslie Hatcher, sentenced him to one sentence of twenty years and to a second, consecutive sentence of five years. Additionally, by his own admission, as it was not evidenced in the record, he was sentenced to concurrent twenty year term for an armed robbery committed in Washington County. Upon his arrival at Parchman, the Mississippi Department of Corrections (MDOC) computed his earliest possible parole date and earliest conditional release date as February 15, 2002. On November 3, 1993 pursuant to the enactment of Senate Bill 2294 (amending Miss.Code Ann. § 47-7-3 relating to parole eligibility), MDOC re-computed Brown's earliest conditional release date to be August 19,. 2006. Brown, by all indications a model prisoner since his arrival at Parchman, filed a motion for post-conviction relief ordering that his release date be reinstated to the original date of February 15, 2002. Additionally, Brown asserted that he had a liberty interest and an equal protection claim in the fact that the State had misapplied the amendment to the statute to his detriment. On April 4, 1995, MDOC again re-computed Brown's earliest conditional discharge date and his earliest parole eligibility date and determined that both these dates would fall on August 19, 2001, six months earlier than the original date.

On May 18, 1995, the trial court dismissed Brown's petition as moot in that MDOC had already granted him the relief that he sought. Four days later, Brown filed a Motion for Relief under Miss.R.Civ.P. 59(e). Within this motion, Brown alleged that only one-half of the relief he requested had been granted. He felt that the amendment to § 47-7-3 was still unlawfully misapplied to him. On August 2, 1995, the trial court denied the motion for relief. Aggrieved, Brown appeals.

## STANDARD OF REVIEW

It is a well-settled principle that the Supreme Court is the "ultimate expositor of the law of this state." *Peterson v. State,* 671 So. 2d 647, 652 (Miss. 1996) *quoting* ***UHS-Qualicare, Inc. v. Gulf Coast Community Hospital, Inc.***, 525 So.2d 746, 754 (Miss.1987)). Therefore, this Court conducts *de novo* review on questions of law. Brown's case is one in which the facts are not in dispute. His case ultimately turns upon the interpretation of statute. It is, therefore, a legal question.

## DISCUSSION OF LAW

### I. WHETHER THE TRIAL COURT ERRED IN DISMISSING BROWN'S POST CONVICTION RELIEF MOTION AS MOOT.

In plain language, Brown submits that the clear reading of Miss.Code Ann. § 47-7-3 would make him eligible for parole after he has served ten years of his sentence, which he completed on February 15, 1997. As a result, he claims that he is now parole eligible.

The State submits that Brown never requested the trial court to determine whether he is now eligible for parole. Rather, he only asked that the court reinstate his original parole and earliest conditional release dates, which the MDOC did. As a result, Brown's case is moot, and this Court does not decide moot questions. ***Bradley v. State***, 355 So. 2d 675, 676 (Miss. 1978). Further, the State argues that the issue of any earlier parole is procedurally barred because it was not raised in the trial court. ***CIG Contractors, Inc. v. Mississippi State Building Comm'n***, 510 So. 2d 510, 514 (Miss. 1987).

If Brown actually asked that the trial court determine if he were eligible for parole in 1997, he did so

in a manner that was vague, at best. He claims a liberty interest and an equal protection interest in the earliest possible parole date, yet it seems that a reading of his petition for post-conviction relief would indicate that he believed that date to be in the year 2002. In short, he avers that his claims of a liberty interest and an equal protection interest entitle him to substantive due process.

This Court has stated that:

> [W]here,. . ., a prisoner is proceeding pro se, we take that fact into account and, in our discretion, credit not so well pleaded allegations, . . .,to the end that a prisoner's meritorious complaint may not be lost because inartfully drafted.

*Moore v. Ruth,* 556 So. 2d 1059, 1061 (Miss. 1990). As a result, we will entertain this motion on its merits under the assumption that Brown has asserted an inartfully drafted claim to a liberty interest entitling him to substantive due process in the determination of whether he should be paroled in less than fifteen years.

Miss. Code Ann. § 47-7-3(1)(d) (1993) states in pertinent part:

> No person shall be eligible for parole who shall, on or after January 1, 1977, be convicted of robbery or attempted robbery through the display of a firearm until he shall have served ten (10) years if sentenced to a term or terms of more than ten (10) years. . .

Brown's sentences run a total of twenty-five years. He argues that a reading of the whole of Miss.Code Ann.§ 47-7-3 would indicate that he became immediately eligible for parole at the completion of ten years of his twenty year sentence--February 15, 1997. In other words, he argues that he is now eligible for parole. However, this Court reads the whole of the statute to require Brown to serve a mandatory portion of the additional five year sentence. If that is not the case, then the trial judge's intention that Brown serve consecutive sentences will have been defeated.

Because his sentences run consecutively, he will not be eligible for parole until he has served one-fourth of the five year sentence. *Williams v. Puckett*, 624 So. 2d 496 (Miss. 1993); *Milam v. State*, 578 So. 2d 272, 273-274 (Miss. 1991). The trial judge made no indication that Brown was to serve all of the five-year term in the sentencing hearing. The judge did, however, allude to a mandatory ten-year portion that had to be served before Brown would be eligible for parole. Neither did the judgments in either sentence suggest that Brown had to serve all five years of his second, consecutive sentence. As a result, Brown should become eligible for parole as soon as he has served the mandatory portion of his five-year sentence.

Miss.Code Ann. § 47-7-3(1)(c) (1993) states in pertinent part that:

> No one shall be eligible for parole until he shall have served one (1) year of his sentence, unless such person has accrued any meritorious earned time allowances, in which case he shall be eligible for parole if he has served. . .(ii) ten (10) months of his sentence or sentences when his sentence or sentences is more than two (2) years but no more than five (5) years. . .

Miss.Code Ann. § 47-7-3(2)(1993) states in pertinent part that:

> . . . meritorious earned time allowances may be used to reduce the time necessary to be served

for parole eligibility as provided in paragraph (c) of subsection (1) of this section.

As a result, if Brown has accrued any meritorious earned time, and by all indications in the record, he has, then he may subtract that time from the ten mandatory months that he must serve on his five-year sentence. If Brown does not have any accrued meritorious earned time, then it would appear that his parole eligibility date would be put off until February 15, 1998. *See **Williams v. Puckett,*** supra; ***Milam v. State***, supra.

## CONCLUSION

Because there is no indication in the record that the sentencing court intended that Brown's five year sentence be without benefit of parole, Brown is eligible for parole at the point in time that he has served the mandatory portion of his five year sentence. Therefore, the trial court's denial of Brown's Post Conviction Relief is reversed.

**REVERSED AND RENDERED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**