# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CP-00805-SCT

*ALBERT QUINCY WILSON*

*v.*

*STEVE WILSON PUCKETT, RAYMOND ROBERTS,*
*AND BARBARA BAILEY*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/04/97 |
| TRIAL JUDGE: | HON. BETTY W. SANDERS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEES: | JAMES M. NORRIS |
| | JANE L. MAPP |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 9/10/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/1/98 |

**BEFORE SULLIVAN, P.J., McRAE AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. On December 30, 1987, Albert Quincy Wilson, was convicted of armed robbery and sentenced to twenty (20) years in the custody of Mississippi Department of Corrections (MDOC). Ten years of the sentence were mandatory and ten were suspended. On July 8, 1993, while Wilson was still in custody, he was convicted of the crime of possession of altered money orders. He was sentenced to fifteen (15) years with ten (10) years suspended and five (5) years to serve. This sentence was to be served consecutively to his armed robbery sentence.

¶2. Wilson is an inmate, legally incarcerated within the MDOC. On June 17, 1996, he filed a Petition for Writ of Habeas Corpus in the Circuit Court of Sunflower County, Mississippi. Wilson named as defendants, Steve Puckett, Raymond Roberts, and Barbara Bailey. At the time the petition was filed, Steve Puckett was employed as the Commissioner of the MDOC, and Raymond Roberts was superintendent of the Mississippi State Penitentiary where Wilson was housed. Barbara Bailey is, and was, a records officer for MDOC.

¶3. In his petition, Wilson sought to have his time sheet re-computed in order that he could be given earned time on the mandatory portion of his armed robbery conviction, so that it could be applied to the time he is to serve on his second consecutive sentence. In its Opinion and Final Judgment, the circuit court denied Wilson's petition, stating:

> Wilson contends that he is entitled to receive earned time while serving the mandatory ten (10) year sentence for armed robbery. At the crux of his contention is the applicability of Miss. Code Ann. Section 47-5-139(1)(e), which provides that an inmate shall not be eligible for an "earned time allowance" if the inmate "has not served the mandatory time required for parole eligibility."

> Section 47-5-139(1)(e) became effective May 14, 1992. The sentence to which Wilson seeks to have earned time applied was rendered on July 8, 1993. Therefore, Wilson is not eligible to receive any earned time allowance until he has completed the mandatory portion of his sentence. *See Williams v. Puckett*, 624 So. 2d 496 (Miss. 1993).

¶4. It is from this decision and judgment that Wilson now appeals, *pro se*, to this Court, raising the following issue:

**WHETHER THE LOWER COURT ERRED IN DISMISSING APPELLANT'S CLAIM THAT HE IS ENTITLED TO RECEIVE EARNED TIME ALLOWANCE ON THE MANDATORY PORTION OF HIS ARMED ROBBERY CONVICTION TO BE APPLIED TO A SUBSEQUENT, CONSECUTIVE SENTENCE AND CONVICTION?**

## LEGAL ANALYSIS

¶5. Wilson contends that he is entitled to accumulate earned time while serving the mandatory portion of his armed robbery conviction that he then can apply to the time he is required to serve on a subsequent consecutive sentence. The appellant further argues that his armed robbery conviction occurred in 1987 when the practice in effect at that time allowed earned time on the entire sentence of two or more convictions, regardless of mandatory time. Wilson maintains that such a practice should be applied, and to support his argument, he cites to and attaches several circuit court opinions. As the appellee aptly states, "[r]egardless of the fact that these cases are improperly cited and have no precedential value before this court, they are not on point in the case at bar."

¶6. The circuit court cases cited by Wilson do involve the computation of conditional discharge or parole eligibility dates on two or more convictions when at least one of the convictions involves mandatory time. In each of the cases, however, all the convictions occurred and the time sheet computations were done prior to May 14, 1992, when Miss. Code Ann. § 47-5-139(1)(e) was passed.

¶7. Miss. Code Ann. 47-5-139(1)(e) provides that an inmate shall not be eligible for an earned time allowance if the inmate has not served the mandatory time required for parole eligibility for conviction of robbery or attempted robbery with a deadly weapon. *Williams v. Puckett*, 624 So. 2d 496 (Miss. 1993), a case where this Court interpreted the statute in question, is directly on point. As in the case at bar, the central issue in *Williams* was the following question: whether a prisoner may earn, but not use, good time during service of a mandatory portion of his period of confinement and

use that good time earned upon expiration of the mandatory portion of a sentence? *Id*. at 498. This Court clearly answered the question, providing that Miss. Code Ann. § 47-5-139(1)(e) denied accrual of "earned time" allowance during service of any mandatory time without parole eligibility applied to the defendant even though the statute was not adopted until after the defendant's sentencing. The Court's reasoning was straightforward, "[t]he provision in question was adopted in 1992. It appears to be, however, a mere codification of the prevailing administrative construction and practice approved by this Court." *Id*. at 499. *See also* **Milam v. State**, 578 So. 2d 272 (Miss. 1991); **Cooper v. State,** 439 So. 2d 1277 (Miss. 1983).

¶8. Although the Court in **Williams** mentions several cases as the basis for "prevailing administrative construction," one case is directly on point with the case *sub judice*. In **Milam v. State**, the defendant pleaded guilty to separate charges of armed robbery and manslaughter. The circuit court sentenced Milam to consecutive terms of ten years for armed robbery and fifteen years for manslaughter. Milam contended that his parole eligibility date was in error since it did not allow him credit for "good time" he had accrued during the years he had been incarcerated on his ten-year armed robbery sentence. *Id*. at 273. This Court stated:

> It goes without saying that, when a person is by express order providing therefor sentenced to serve consecutive terms, imprisonment on the second, or each subsequent conviction, shall commence on the completion of the service of the term for the preceding conviction.

*Id*. at 274. The Court held that Milam would have to serve the full ten years on the armed robbery sentence and then one fourth of the fifteen year manslaughter sentence to become eligible for parole. *Id.*

¶9. In the case *sub judice*, Wilson's armed robbery conviction, involving a mandatory ten (10) year sentence. The first time Wilson's time sheet was computed after he received this second conviction it was done following the law as set out in **Williams**. Wilson was not eligible to earn time during his mandatory sentence and then apply it to his subsequent, consecutive sentence if he had accumulated any earned time. However, such an argument by Wilson is moot since he received no earned time on his armed robbery, and consequently there is none to apply to his other sentence.

¶10. Miss. Code Ann. § 47-5-139(1)(e) and **Williams** were correctly applied when calculating Wilson's release dates. We hold that the lower court was not in error, and its opinion and judgment dismissing Wilson's petition is affirmed.

## CONCLUSION

¶11. Based on the facts of the case and a close reading of **Williams** and Miss. Code Ann. § 47-5-139(1)(e), the trial court did not commit reversible error, and its order of dismissal is affirmed.

¶12. **DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, ROBERTS, MILLS AND WALLER, JJ., CONCUR.**