868 So.2d 1051 (2004)
Laveal McGHEE, Appellant
v.
Robert JOHNSON, et al., Appellees.
No. 2002-CP-01891-COA.
Court of Appeals of Mississippi.
March 23, 2004.
*1052 Laveal McGhee, appellant, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellees.
Before KING, P.J., LEE and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. Laveal McGhee, an inmate within the Mississippi Department of Corrections, filed a complaint in the Circuit Court of Sunflower County against Robert Johnson, E.L. Sparkman and Lorene Scott alleging that his parole eligibility had been computed incorrectly. At the time the complaint was filed, Robert Johnson was the commissioner of the Mississippi Department of Corrections, E.L. Sparkman was the commissioner of the Mississippi State Penitentiary at Parchman and Lorene Scott was the assistant director of records at Parchman. On August 30, 2002, the circuit court entered an order requiring the respondents to conduct an investigation of McGhee's complaint. Following the investigation, a status conference was held and the court ruled McGhee's parole eligibility date had been properly calculated. Feeling aggrieved, McGhee asserts the following error:
1. IS THE OPINION OF THE MISSISSIPPI ATTORNEY GENERAL, DATED JANUARY 5, 1982, CONCERNING PAROLE ELIGIBILITY FOR PERSONS RECEIVING CONSECUTIVE SENTENCES, THE CONTROLLING AUTHORITY FOR THE COMPUTATION OF PAROLE ELIGIBILITY FOR CONSECUTIVE SENTENCES OF THIRTY-NINE PLUS THIRTY YEARS, RECEIVED BY APPELLANT ON APRIL 28, 1982?
¶ 2. Finding no error, we affirm the ruling of the trial court.

FACTS
¶ 3. McGhee pled guilty in 1980 to murder, rape and kidnaping. He was sentenced to life on each charge in the indictment with each sentence to be served consecutively. In 1982, McGhee was re-sentenced to life on the murder conviction, and given a thirty-nine year sentence on the rape charge and a thirty year sentence on the kidnaping charge.
¶ 4. McGhee argues that under the law in effect in 1982, his thirty-nine year sentence and his thirty year sentence should have been combined giving him a sentence of life plus sixty-nine years. He asserts that he should be eligible for parole after serving ten years of the life sentence plus ten years of the sixty-nine year combined sentence. The Mississippi Department of Correction's sentencing computation requires McGhee to serve thirty years before becoming eligible for parole. McGhee argues that his sentence is contrary to the law set out by the Mississippi Supreme Court.

1. IS THE OPINION OF THE MISSISSIPPI ATTORNEY GENERAL, DATED JANUARY 5, 1982, CONCERNING PAROLE ELIGIBILITY FOR PERSONS RECEIVING CONSECUTIVE SENTENCES, THE CONTROLLING AUTHORITY FOR THE COMPUTATION OF PAROLE ELIGIBILITY FOR CONSECUTIVE SENTENCES OF THIRTY-NINE PLUS THIRTY YEARS, RECEIVED BY APPELLANT ON APRIL 28, 1982?
¶ 5. McGhee argues he is required to serve only ten years of the life sentence, *1053 plus ten years of the sixty-nine year combined sentence in order to be eligible for parole. He bases his argument on an attorney general's opinion issued January 5, 1982, to Parole Board Chairman Charles Jackson. The attorney general's opinion stated "[a]n offender sentenced to a term of thirty years and thirty years consecutively for a total of sixty years ... is eligible to be considered for parole after serving a minimum of ten years." McGhee argues the attorney general's opinion was controlling law at the time of his re-sentencing and imposing a later interpretation of the statute violates the ex post facto laws of the United States and Mississippi Constitutions. The trial judge sentenced McGhee under the following statute:
Every prisoner who has been or may hereafter be convicted of any offense against the State of Mississippi, and is confined in the execution of a judgment of such conviction in the Mississippi State Penitentiary for a definite term or terms of one (1) year or over, or for the term of his or her natural life, whose record of conduct shows that such prisoner has observed the rules of the Penitentiary, and who has served not less than one-fourth (1/4) of the total of such term or terms for which such prisoner was sentenced, or, if sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, may be released on parole as hereinafter provided.
Miss.Code Ann. § 47-7-3(1) (Supp.1982)
¶ 6. McGhee argues the attorney general's opinion is controlling rather than the statute. This argument is flawed. Mississippi Code Annotated section 4004-03 was enacted in 1942 and the pertinent provisions of the former statute are presently embodied in Mississippi Code Annotated Section 47-7-3 (Supp.2003). Only the administrative interpretation of the law has changed. Taylor v. Miss. State Probation and Parole Bd., 365 So.2d 621, 622 (Miss. 1978).
¶ 7. When McGhee was re-sentenced in 1982, section 47-7-3(1) was applicable, notwithstanding the attorney general's opinion. "An attorney general's opinion is entitled to careful consideration and regarded as persuasive; however, the opinion is not binding upon the court considering the same question of law." Blackwell v. Miss. Bd. of Animal Health, 784 So.2d 996, 1000(¶ 9) (Miss.Ct.App. 2001). The Mississippi Supreme Court has held that an "administrative correction of a prior misinterpretation of parole laws as applied to the appellant did not violate the ex post facto clause of the United States or Mississippi Constitutions." Taylor, 365 So.2d at 622. Therefore, the parole board's application and interpretation of section 47-7-3, as applied to McGhee's sentence is proper.
¶ 8. Consecutive sentences with statutory minimums may not be combined for parole eligibility purposes. Id.; Williams v. Puckett, 624 So.2d 496, 499-500 (Miss.1993); Milam v. State, 578 So.2d 272, 274 (Miss.1991). McGhee will become eligible for parole after serving thirty years.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.