988 So.2d 395 (2008)
John Henry ADAMS, Appellant
v.
Gloria GIBBS, Director of Records, Appellee.
No. 2007-CP-00623-COA.
Court of Appeals of Mississippi.
July 22, 2008.
John Henry Adams, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
Before KING, C.J., IRVING and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. John Henry Adams, an inmate incarcerated at the Mississippi State Penitentiary, filed a complaint seeking review of the Mississippi Department of Corrections' (MDOC) calculation of his parole eligibility date and his tentative discharge date. After a hearing, the Circuit Court of Sunflower County found Adams's contentions to be without merit and denied him any relief. Adams now appeals from the circuit court's judgment.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Adams has been incarcerated since February 3, 1987. His MDOC records reflect that on June 16, 1987, he was given two concurrent fifteen-year sentences for the crime of sale of cocaine. On July 16, 1987, he was sentenced to twenty-five years for the crime of armed robbery to run consecutively to the two concurrent fifteen-year sentences. On June 30, 1988, he was sentenced to fifteen years for the crime of robbery to run concurrently with the twenty-five-year sentence. On the same day, he was also sentenced to forty years for the crime of armed robbery to run consecutively to the twenty-five-year sentence. On July 21,1988, he was given a sentence of ten years for residential burglary to run concurrently with the forty-year sentence, and a sentence of ten years for armed robbery to run consecutively to the residential burglary sentence. Finally, on September 22, 1989, he was sentenced to two years for the crime of conspiracy. Adams's sentences imposed a total of eighty-two years to serve. Adams committed the earliest of his crimes on September 24, 1985, and the latest on October 14, 1988.
¶ 4. A MDOC time sheet dated December 9, 2003, provides that Adams's parole *396 date is November 4, 2010, and his tentative discharge date is October 3, 2027. Adams, dissatisfied with these dates, exhausted his administrative remedies with the MDOC; and on April 18, 2006, he filed a complaint in the Circuit Court of Sunflower County. Adams argued that the dates were incorrect because the MDOC had not applied his earned-time allowance toward the mandatory portions of his armed robbery sentences.
¶ 5. Adams's argument involves the interplay of several statutes governing the earned-time allowance and parole eligibility. Mississippi Code Annotated section 47-5-138(1) (Supp.2007) provides that an inmate who was convicted, like Adams, on or before June 30, 1995, "is eligible to receive an earned[-]time allowance of one-half (½) of the period of confinement imposed by the court except those inmates excluded by law." "When an inmate is committed to the custody of the department, the department shall determine a conditional earned[-]time release date by subtracting the earned[-]time allowance from an inmate's term of sentence." Id. "An inmate under two (2) or more consecutive sentences shall be allowed commutation based upon the total term of the sentences." Miss.Code Ann. § 47-5-139(2) (Rev.2004).
¶ 6. Mississippi Code Annotated section 47-5-139 imposes restrictions on the earned-time allowance. An amendment to section 47-5-139, effective on May 14, 1992, provides that an inmate shall not be eligible for the earned-time allowance if "[t]he inmate has not served the mandatory time required for parole eligibility for a conviction of robbery or attempted robbery with a deadly weapon." Miss.Code Ann. § 47-5-139(1)(e) (Rev.2004). In Williams v. Puckett, 624 So.2d 496, 500 (Miss.1993), the supreme court interpreted this amendment to mean that an inmate cannot accumulate earned time while serving a mandatory portion of a sentence and then use the accumulated earned time upon expiration of the mandatory portion. Mississippi Code Annotated section 47-7-3 (Supp.2007) prescribes the mandatory time for parole eligibility for those convicted of armed robbery. That section provides that:
(1) Every prisoner who has been convicted of any offense against the State of Mississippi, and is confined in the execution of a judgment of such conviction in the Mississippi Department of Corrections for a definite term or terms of one (1) year or over, or for the term of his or her natural life, whose record of conduct shows that such prisoner has observed the rules of the department, and who has served not less than one-fourth (1/4) of the total of such term or terms for which such prisoner was sentenced, or, if sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, may be released on parole as hereinafter provided, except that:
. . . .
(d)(I) No person shall be eligible for parole who shall, on or after January 1, 1977, be convicted of robbery or attempted robbery through the display of a firearm until he shall have served ten (10) years if sentenced to a term or terms of more than ten (10) years or if sentenced for the term of the natural life of such person. If such person is sentenced to a term or terms of ten (10) years or less, then such person shall not be eligible for parole. The provisions of this paragraph (d) shall also apply to any person who shall commit robbery or attempted robbery on or after July 1, *397 1982, through the display of a deadly weapon.
Miss.Code Ann. § 47-7-3(1); § 47-7-3(1)(d)(I).
¶ 7. At the hearing, the circuit court recognized that because Adams was convicted before the effective date of section 47-5-139(1)(e), he could accumulate earned time during his service of his ten-year mandatory terms for parole eligibility.[1] Therefore, Adams was entitled to an earned-time allowance of one-half of his total sentence, including mandatory time, which equated to forty-one years of earned time on Adams's eighty-two-year sentence. The MDOC agreed that Adams was entitled to forty-one years of earned time.
¶ 8. Adams argued that the MDOC's practice before May 14, 1992, was to apply the earned-time allowance to reduce the mandatory portion of an armed robber's sentence by one-half. Adams contended that his eighty-two-year sentence included three mandatory ten-year portions, one for each of his three armed robbery convictions, a total of thirty years' mandatory time. Adams argued that consistent with the MDOC practice, this mandatory time should have been reduced to fifteen years via the application of his earned-time allowance. In support of his argument, Adams attached to his complaint a copy of a MDOC time sheet dated May 5, 1995, that showed his parole eligibility date was November 4, 2002, and his tentative discharge date was March 3, 2012. He also attached a copy of Hicks, which is discussed in footnote one, and a copy of an opinion of the Circuit Court of Sunflower County in Levy v. Epps, No.2004-0062-M (October 5, 2005). In Levy, the circuit court recognized that Levy's arguments relied upon Adams's MDOC record to illustrate the fact that the MDOC previously had given an armed robber earned time on the mandatory portion of his sentence.
¶ 9. The MDOC contended that it had correctly calculated Adams's parole eligibility date as November 4, 2010, and his tentative discharge date as October 3, 2027. The MDOC stated that, contrary to Adams's understanding that he had to serve thirty mandatory years, the fact that one of Adams's three armed-robbery sentences was run concurrently meant that he had to serve only twenty mandatory years. The MDOC explained that the parole eligibility date reflects that on February 3, 1987, Adams began serving his two concurrent fifteen-year sentences for sale of cocaine. The MDOC asserted that under the parole law applicable to Adams, Adams had to serve four years and three months of those sentences. Miss.Code Ann. § 47-7-3(1). Adams received an additional six-month reduction of those sentences through meritorious earned time, which *398 moved his parole date up to November 4, 1990. On November 4, 1990, Adams began serving the consecutive twenty-five year sentence for armed robbery, of which he was required to serve ten mandatory years before being eligible for parole. Miss. Code Ann. § 47-7-3(1)(d)(I). Thus, on November 4, 2000, Adams began serving the consecutive forty-year sentence for armed robbery, of which he was also required to serve ten mandatory years before being eligible for parole on November 4, 2010. Adams's tentative discharge date of October 3, 2027, reflects his earned-time allowance of forty-one years, plus six months of meritorious earned time, minus sixty days of lost earned time, for a total term to serve of forty years and eight months.
¶ 10. The circuit court found that the May 5, 1995, time sheet was not a part of Adams's official MDOC records. Therefore, the circuit court held that it was not properly authenticated as a MDOC time sheet and excluded it from evidence. See M.R.E. 901(a). The circuit court found that earned time cannot be used to reduce the mandatory time that an inmate must serve under section 47-7-3(1)(d)(I) before being eligible for parole. Therefore, the circuit court held that Adams was not entitled to apply any of his earned-time allowance to reduce his service of the mandatory portions of his armed robbery sentences. The circuit court found that the MDOC had correctly calculated Adams's parole eligibility date and his tentative discharge date and denied Adams any relief. Adams appeals, renewing his argument that he was entitled to a fifty percent reduction of his mandatory time under the law in effect prior to May 14, 1992.
LAW AND ANALYSIS
WHETHER THE MDOC MISCALCULATED ADAMS'S PAROLE ELIGIBILITY DATE AND HIS TENTATIVE DISCHARGE DATE BY FAILING TO APPLY HIS EARNED-TIME ALLOWANCE TO REDUCE THE MANDATORY PORTION OF HIS ARMED-ROBBERY SENTENCES.
¶ 11. Adams challenges the circuit court's determination that the earned-time allowance prescribed by section 47-5-138 cannot be used to reduce the mandatory time that an armed robber must serve under section 47-7-3(1)(d)(I) before being eligible for parole. Adams contends that this finding contravened the law and the practice of the MDOC prior to the effective date of section 47-5-139(1)(e). We find that Adams's argument is without merit. We observe that Adams has produced no authority supporting his contention that it was the practice of the MDOC to apply earned time to reduce an inmate's mandatory time for parole eligibility; the circuit court cases cited by Adams only support the existence of the MDOC's admitted practice of allowing inmates convicted before May 14, 1992, to accrue earned time while serving mandatory time.
¶ 12. To determine whether the MDOC should have applied Adams's earned-time allowance to reduce the mandatory portions of his sentences, we look to the applicable sentencing statutes in effect at the time of Adams's crimes. Miss.Code Ann. § 99-19-1 (Rev.2007). A 1982 amendment to section 47-7-3(2) states that: "[n]otwithstanding any other provision of law, an inmate shall not be eligible to receive earned time, good time or any other administrative reduction of time which shall reduce the time necessary to be served for parole eligibility as provided in subsection (1) of this section." Miss.Code Ann. § 47-7-3(2); see Cooper v. State, 439 So.2d 1277, 1278 n. 1 (Miss.1983). Additionally, at all *399 times relevant to Adams, a complementary provision was found at Mississippi Code Annotated section 47-5-139(7), which stated that: "[n]o inmate in any event shall have his sentence terminated by administrative earned-time action until he is eligible for parole as provided in Title 47, Chapter 7, Mississippi Code of 1972." In Cooper, the supreme court relied upon sections 47-7-3(2) and 47-5-139(7) to hold that an inmate was not entitled to reduce his mandatory armed-robbery sentence with the earned-time allowance. Cooper, 439 So.2d at 1277-78; see also Milam v. State, 578 So.2d 272, 274 (Miss.1991) (stating that "[n]othing in the good time program rendered [Milam] eligible for release a day before that ten-year [armed-robbery] sentence had been served").
¶ 13. The statutes applicable to Adams's sentences unambiguously foreclose his argument that by applying the earned-time allowance, he may achieve parole eligibility after serving only half of the mandatory time required for parole eligibility. The circuit court correctly held that Adams's earned-time allowance did not reduce the mandatory portions of his sentences and thereby accelerate his parole eligibility date or his tentative discharge date. We affirm the judgment of the circuit court.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] This finding was based upon the Sunflower County Circuit Court's prior holding in Hicks v. Houston, No. 94-0234M (January 25, 1995). In Hicks, the circuit court addressed the supreme court's opinion in Williams, which held that the then recently enacted section 47-5-139(1)(e) prevented an inmate from accumulating earned time during the service of mandatory time. Williams, 624 So.2d at 500. The Williams court concluded that section 47-5-139(1)(e) codified the prior practice of the MDOC regarding earned time. Id. In Hicks, the circuit court stated that, in actuality, "prior to Williams, [the] MDOC allowed an inmate to receive earned time on the entire term of his sentence, without any regard to any mandatory time." The circuit court in Hicks concluded that the application of section 47-5-139(1)(e) to deny earned time on a mandatory sentence imposed prior to May 14, 1992, was an imposition of an ex post facto law. Accordingly, the circuit court "recommended that the conditional discharge date of Hicks and all other inmates to whom Williams v. [Puckett], 624 So.2d 496 (Miss. 1993) was applied be recomputed with the policy in effect immediately prior to Williams." Adams's MDOC records show that his tentative discharge date was recomputed pursuant to Hicks.