67 So.3d 783 (2010)
Kenneth W. KEYS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2009-CA-01050-COA.
Court of Appeals of Mississippi.
October 19, 2010.
Rehearing Denied March 1, 2011.
Herbert H. Klein, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
EN BANC.
ROBERTS, J., for the Court:
¶ 1. Kenneth Keys appeals the judgment of the Forrest County Circuit Court, which denied his motion to mandate parole eligibility on Keys's life sentence for a 1987 murder conviction. Finding that the trial court lacked the jurisdiction necessary to consider Keys's motion, we reverse and render.

FACTS
¶ 2. On February 6, 1987, Keys entered a guilty plea in Forrest County Circuit Court to murder. Keys was sentenced to life in the custody of the Mississippi Department of Corrections (MDOC). Because of the law in effect at the time of his conviction, Keys was eligible for parole after serving ten years of the life sentence. Keys was paroled on November 4, 1998, after serving eleven years and nine months. Three and one-half years later, on April 30, 2002, Keys's parole was revoked for reasons not apparent from the record on appeal. Keys was paroled again four months later on August 28, 2002.
¶ 3. In December 2002, while on parole for the second time, Keys was accused of *784 simple assault of a police officer. Subsequently, his parole was revoked again. Keys was then convicted of simple assault of a police officer and sentenced to five years in the custody of MDOC, with the sentence to run consecutively to his previously imposed life sentence. Because Keys committed the felony assault while on parole status, the trial judge correctly ordered the five-year sentence to run consecutively to Keys's life sentence.[1]
¶ 4. On March 21, 2008, Keys filed a motion to mandate parole eligibility, which the trial court treated as a motion for post-conviction relief. Following an evidentiary hearing on May 19, 2009, the circuit court denied Keys's motion. Relying on section 99-19-21, the circuit court found that Keys could not commence serving his five-year sentence until the termination of his life sentence.
¶ 5. Keys finds error in the circuit court's judgment and raises two assignments of error on appeal: (1) the circuit court erred in ruling that Keys was ineligible for parole on his life sentence, and (2) the circuit court's application of Snow v. Johnson, 913 So.2d 334 (Miss.Ct.App.2005) constitutes an ex-post-facto law. However, because we find that Keys did not exhaust his administrative remedies, we must reverse and render the trial court's ruling as it lacked the jurisdiction necessary to decide the issue.

DISCUSSION

WHETHER THE TRIAL COURT HAD JURISDICTION TO CONSIDER KEYS'S MOTION.
¶ 6. Before we consider the issues Keys raises on appeal, we must first determine if the trial court had the requisite jurisdiction to hear Keys's case. Unsatisfied with the MDOC's apparent denial of his request to classify him as eligible for parole consideration by the Mississippi Parole Board, Keys filed a motion to mandate parole eligibility pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act. Although we may well not disagree with the trial court's legal conclusion that Keys is not eligible for classification as parole eligible on his murder conviction, the trial court erroneously treated Keys's motion as if it were a motion for post-conviction relief and denied it. However, Keys's request did not complain about the validity of any of his convictions, of the sentences received, or that he was unlawfully incarcerated. Instead, it simply argued that the MDOC had incorrectly classified Keys as "parole ineligible." A motion for post-conviction relief is not the correct procedural vehicle for such an argument.[2]
¶ 7. The purpose of the Mississippi Uniform Post-Conviction Collateral Relief Act "is to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues[,] or errors which in practical reality could not be or should not have been raised at trial or on direct appeal."[3] Not included within that purpose is the filing of a direct action with a trial court concerning the administrative policies of the MDOC. Furthermore, the only grounds for relief permitted under a motion for post-conviction relief are as follows: a conviction or sentence is contrary to law; the trial court lacked jurisdiction to impose a sentence; a *785 conviction or sentence was obtained under a statute deemed unconstitutional; the maximum sentence allowed was exceeded; new evidence not previously presented and heard demands vacation of a conviction or sentence; a guilty plea was involuntary; a sentence has expired; the petitioner's probation, parole, or conditional release was unlawfully revoked, or the inmate is otherwise unlawfully held; an out-of-time appeal is proper; and the conviction or sentence is subject to collateral attack proper under common law.[4] Keys's complaint does not fall under any of these provisions. Furthermore, he is not asking to "set aside or correct the judgment or sentence [of a trial court]," or for an out-of-time appeal.[5]
¶ 8. Pursuant to Mississippi Code Annotated section 47-5-801 (Rev.2004), the MDOC has set forth administrative procedures to review inmate's complaints. "Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative-review procedure under sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision."[6] Keys stated in his initial motion that the MDOC had determined that he was ineligible for parole consideration by the parole board. This statement was echoed by the trial court in its order denying Keys's motion and by the State in its brief to this Court. However, as argued by the State in its response to Keys's petition and in its brief to this Court, the record is completely bare as to any proof that Keys ever exhausted his administrative remedies or even voiced his grievance through the MDOC's administrative-review procedure. As such, neither the trial court nor this Court has jurisdiction to hear the substance of Keys's appeal.[7]
¶ 9. Nevertheless, we have previously concluded "that an inmate may contest matters such as [the correct computation of a parole-eligibility date] as an original action in circuit court."[8] This holding, and other similar holdings handed down by this Court, were based upon the supreme court's resolution of Wilson v. Puckett, 721 So.2d 1110, 1111-12 (¶ 5) (Miss.1998) and Williams v. Puckett, 624 So.2d 496, 497 (Miss.1993). Both Williams and Wilson, unlike this case, involved inmates filing a petition for writ of habeas corpus with the circuit court claiming they were unlawfully held in custody and requesting a review of the MDOC's determination of parole dates and earned-time allowance. Wilson, 721 So.2d at 1111-12 (¶ 5); Williams, 624 So.2d at 497. Further, neither Wilson nor Williams utilized any of the administrative remedies available to them, and this omission was not discussed, or even mentioned, in the resolution of either case. As such, both the supreme court and this Court have apparently concluded that an inmate may bypass the administrative remedies available to him when aggrieved by a matter such as this. Given the Legislature's mandate, such simply cannot be the case.
¶ 10. Mississippi Code Annotated section 47-5-803(2) (Rev.2004) states that: "No state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative-review procedure unless and until such offender shall have exhausted the remedies *786 as provided in such procedure." (Emphasis added). It could not be any more clear that the Legislature did not intend to give any court, be it at the trial or appellate level, the jurisdiction to decide matters of an administrative nature unless and until an inmate had exhausted every option available under the MDOC's administrative policies. The MDOC published its administrative policy in April 1994, and it allows an inmate to request an administrative remedy for "situations arising from policies, conditions, or events within the Department of Corrections that affect them personally...." This is the path Keys must first trod if he wishes to have his claims heard by the judiciary.
¶ 11. Therefore, we must dismiss Keys's appeal for lack of jurisdiction. Based on the record, we have no knowledge whether Keys ever presented his grievance administratively to the MDOC, or did so but failed to timely appeal an adverse determination to the courts.
¶ 12. In addition to the fact that we do not legally have the authority to speak to Keys's issues, if we were to nevertheless reach the merits of his appeal, it would do a disservice to the MDOC and fly in the face of its statutory right to initially address grievances with its administrative determinations. We should not simply step in the shoes of the MDOC when it has not had a chance to walk in them first.
¶ 13. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, P.J., GRIFFIS, BARNES, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. ISHEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J., AND MYERS, P.J.
ISHEE, J., dissenting:
¶ 14. While I respect the majority's opinion, I must dissent, as I believe this Court has jurisdiction over Kenneth Keys's appeal, and the issues are clear.
¶ 15. In his first assignment of error, Keys argues that the Forrest County Circuit Court erred when it found that the Mississippi Department of Corrections (MDOC) correctly determined that he was ineligible for parole as to his life sentence for murder. Both Keys and the State contend that pursuant to Mississippi Code Annotated section 47-7-3 (Supp.2009), Keys is not eligible for parole on his five-year sentence for simple assault of a police officer. After substantial review, I am unable to find support in the record for Keys's contention that his five-year sentence is not eligible for parole.[9] Regardless of whether Keys is eligible for parole on his five-year sentence, Mississippi Code Annotated section 99-19-21 (Rev.2000), prevents his release on parole for the 1987 murder conviction and life sentence because his five-year sentence must run consecutively to his life sentence.
*787 ¶ 16. Section 99-19-21(1) prevents Keys from being paroled on his 1987 life sentence and serving his five-year sentence for simple assault. Section 99-19-21 states:
(1) When a person is sentenced to imprisonment on two (2) or more convictions, the imprisonment on the second, or each subsequent conviction shall, in the discretion of the court, commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction.
(2) When a person is sentenced to imprisonment for a felony committed while the person was on parole, probation, earned-release supervision, post-release supervision or suspended sentence, the imprisonment shall commence at the termination of the imprisonment for the preceding conviction. The term of imprisonment for a felony committed during parole, probation, earned-release supervision, post-release supervision or suspended sentence shall not run concurrently with any preceding term of imprisonment. If the person is not imprisoned in a penitentiary for the preceding conviction, he shall be placed immediately in the custody of the Department of Corrections to serve the term of imprisonment for the felony committed while on parole, probation, earned-release supervision, post-release supervision or suspended sentence.
(Emphasis added). Because Keys was convicted of committing simple assault on a police officer while he was on parole, Keys must complete his life sentence for the murder conviction before he can begin serving his five-year sentence for simple assault. Furthermore, Keys's sentence for simple assault on a police officer was ordered to run consecutively to Keys's life sentence for murder. See Miss.Code Ann. § 99-19-21(1). Thus, even if section 99-19-21(2) did not apply to Keys's five-year sentence, section 99-19-21(1) prevents him from serving his five-year sentence until the completion of his life sentence.
¶ 17. In Snow v. Johnson, 913 So.2d 334, 337 (¶ 11) (Miss.Ct.App.2005), this Court upheld the MDOC's interpretation of section 99-19-21, finding that the MDOC's prior practice of allowing inmates to interrupt their parole-eligible sentences to serve their non-parole-eligible sentences was contrary to section 99-19-21. In this case, Keys must first serve his life sentence, without eligibility for parole or probation, before he can serve his five-year sentence; thus, his life sentence will equate to his entire lifetime. Accordingly, Keys will never technically be able to serve his five-year sentence for simple assault on a police officer since completion of his life sentence should occur upon his death.
¶ 18. In his second assignment of error, Keys argues that the 1995 amendment to Mississippi Code Annotated section 47-7-3 should not be applied to his life sentence for murder because he was convicted and sentenced prior to 1995. According to Keys, use of section 47-7-3 to deprive him of parole eligibility on his 1987 life sentence for murder violates the Ex-Post-Facto Clause of Article I, Section 10 of the United States Constitution.
¶ 19. As mentioned previously, I see no indication in the record that section 47-7-3 had any bearing on Keys's parole eligibility on either of his sentences. The true impediment to Keys's parole continues to be section 99-19-21, which requires that Keys complete his life sentence before beginning service of his five-year sentence. Because it appears the record does not support Keys's contention that either of his sentences has been affected by the 1995 amendment to section 47-7-3, I believe *788 that his argument that application of that section to his sentence constitutes an ex-post-facto law is without merit.
KING, C.J., AND MYERS, P.J., JOIN THIS OPINION.
NOTES
[1] Miss.Code Ann. § 99-19-21 (Rev.2007).
[2] Melton v. State, 930 So.2d 452, 456 (¶ 14) (Miss.Ct.App.2006) (holding that a motion for PCR is not the correct means to seek relief for an alleged miscalculation of credit for time served).
[3] Miss.Code Ann. § 99-39-3(2) (Rev.2007).
[4] Miss.Code Ann. § 99-39-5(1)(a)-(i) (Supp. 2008).
[5] Miss.Code Ann. § 99-39-5(1)(i).
[6] Miss.Code Ann. § 47-5-807 (Rev.2004).
[7] Miss.Code Ann. § 47-5-803(2) (Rev.2004); Roberts v. Miss. Dept. of Pub. Safety, 852 So.2d 631, 634 (¶ 14) (Miss.Ct.App.2003).
[8] Lattimore v. Sparkman, 858 So.2d 936, 938 (¶ 7) (Miss.Ct.App.2003).
[9] It appears that the parties relied on section 47-7-3(1)(a) or section 47-7-3(1)(g) in determining that Keys's five-year sentence is not eligible for parole. However, there is no support in the record that either of those subsections would apply to Keys's five-year sentence. Keys was not sentenced as a habitual offender. Furthermore, simple assault of a police officer is not one of the crimes enumerated in section 47-7-3(1)(g) for which an offender loses parole eligibility. See Miss. Att'y Gen. Op. No. 2001-0545, 2001 WL 1229381, Johnson (Sept. 19, 2001).