752 So.2d 464 (1999)
Gregory BROWN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-CP-01725-COA.
Court of Appeals of Mississippi.
November 23, 1999.
Pro Se, Appellant.
Office of the Attorney General by Charles W. Maris Jr., Attorney for Appellee.
BEFORE KING, P.J., DIAZ, AND IRVING, JJ.
IRVING, J., for the Court:
¶ 1. On January 12, 1996, pursuant to a guilty plea on various charges, Gregory Brown was sentenced to a total of eighteen years. However, the sentence was suspended on the condition that Brown successfully completed the Regimented Inmate Discipline (RID) Program. After receiving notification that Brown's participation in RID had been terminated, the trial court revoked the suspension of *465 Brown's sentence. After exhausting his appeal remedies through the administrative channels within the Mississippi Department of Corrections (MDOC), Gregory Brown filed a petition in the federal court. After the federal court denied his claim, Brown filed his motion for post-conviction collateral relief on April 20, 1998, in the Circuit Court of Harrison County. In his motion, Brown requested that the trial court review the decision of MDOC terminating him from the RID program. On October 1, 1998, the trial court dismissed Brown's motion. Aggrieved, Brown appeals and raises for our review the following issues which are quoted verbatim from his brief resolution
I. WAS THE APPELLANT DENIED HIS CONSTITUTIONAL DUE PROCESS BY WAY OF DENYING APPELLANT THE RIGHT TO BE HEARD.
II. WAS THE LOWER COURT IN ERROR WHEN IT DENIED APPELLANT TO PROCEED BEYOND THE BAR.
Finding no reversible error, we affirm.

ANALYSIS OF THE ISSUES PRESENTED
¶ 2. In reviewing denials of post-conviction relief after an evidentiary hearing on the matter, we will not set aside a finding unless it is clearly erroneous. Brown v. State, 731 So.2d 595, 598 (Miss. 1999); Reynolds v. State, 521 So.2d 914, 918 (Miss.1988).
¶ 3. Brown asserts that he was denied his right to due process of law because he was not afforded a hearing before being terminated from the RID Program. However, Brown's right to assert this claim through a motion for post conviction relief is time barred. Miss.Code Ann. § 47-5-807 (Supp.1999) states:
Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision.
¶ 4. Prior to filing his motion for post-conviction relief, Brown, utilizing the MDOC Administrative Remedy Program (ARP), attacked the validity of his termination from the RID program. Brown received the agency's final decision on September 10, 1996, and filed his post-conviction motion on April 20, 1998. In denying Brown's post-conviction motion, the trial judge stated: "The Court finds that the present motion for post conviction relief is nothing more than an appeal from the ARP decision. The time for judicial review expired 30 days after he was informed that his administrative remedy had been exhausted." We agree. The time for judicial review expired, and Brown cannot now use a post-conviction motion to gain review of an ARP decision when he failed to seek judicial review within the thirty days allowed.
¶ 5. Brown argues that he should be excused from the time limit because his writ-writer improperly filed his petition in the wrong court. Brown, however, fails to cite any authority which supports his proposition. We are under "no duty to consider assignments of error when no authority is cited." Hoops v. State, 681 So.2d 521, 526 (Miss.1996).
¶ 6. Additionally, Brown argues that he should be excused from the time limit because this case involves the denial of his constitutional right to due process. However, the Mississippi Supreme Court in Smith v. State, 580 So.2d 1221, 1226 (Miss.1991) taught that "neither the Due Process Clause nor Mississippi law gives rise to a protected liberty interest in a form of an expectation of release on probation." Consequently, the Court held that MDOC does not violate a prisoner's statutory or constitutional right by not affording him a hearing prior to terminating the prisoner from the RID program. Id. In accordance with the holding in Smith, we conclude that the MDOC did not deny *466 Brown's constitutional right to due process.
¶ 7. THE JUDGEMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.