BRANTLEY, J., for the court.
¶ 1. David Lee Simmons’s petition for release was denied by a Sunflower County Circuit Court. Simmons appeals, arguing that the trial court erred in denying his petition for release after being improperly removed from the Intensive Supervision Program (ISP). Finding that the petition is time-barred, we affirm.
FACTS
¶ 2. Simmons was convicted for cocaine possession on March 19, 1998, in Lee County, Mississippi. He was sentenced to twenty years and placed in the Intensive Supervision Program/House Arrest Program pursuant to sections 47-5-1001 through 47-5-1015 of the Mississippi Code. In the event that Simmons failed to successfully complete the program, the Lee County Circuit Court attempted to retain jurisdiction for one year.
¶ 3. Simmons tested positive for marijuana use on the date he entered the house arrest program. He tested positive two additional times. After the third positive test result, Simmons was removed from the program and a rules violation report and arrest warrant were issued. Simmons was ordered into placement at a department of corrections facility and to complete the original twenty-year sentence.
¶ 4. Two years later, Simmons filed a grievance with the MDOC’s Administrative Remedies Program in Sunflower County, Mississippi seeking relief. Simmons received the administrative agency’s final decision on May 30, 2001, denying him relief. A complaint was filed on July 19, 2001, in the Sunflower County Circuit Court seeking review of the MDOC’s final decision. The Sunflower County Circuit Court denied the petition. From this denial, Simmons appeals to this Court. Although Simmons raised several issues on appeal, we find this appeal to be time-barred and will not address the merits of the issues presented.
ANALYSIS OF THE ISSUE PRESENTED
WHETHER THE TRIAL COURT ERRED IN DENYING SIMMONS’S PETITION FOR RELEASE.
¶ 5. Pursuant to Miss.Code Ann. section 47-5-801, the MDOC has set forth admin *1290 istrative procedures to review offender’s complaints. “Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty days after receipt of the agency’s final decision, seek judicial review of the decision.” Miss.Code Ann. § 47-5-807 (Rev.2000).
¶ 6. Simmons utilized the MDOC Administrative Remedy Program and received a final decision on May 30, 2001. However, he failed to file his appeal seeking judicial review in the circuit court until July 19, 2001, after the thirty days for appeal had expired. Id.; see Brown v. State, 752 So.2d 464, 465(¶ 4) (Miss.Ct.App.1999). An administrative review procedure exists within the prison system to contest decisions made by the department. Miss.Code Ann. § 47-5-801 (Rev.2000). An inmate who has followed that procedure and remains dissatisfied has thirty days from the final adverse decision to appeal to a circuit court. Miss.Code Ann. § 47-5-807 (Rev. 2000). Simmons failed to timely file his appeal with the Sunflower County Circuit Court. Therefore, the petition was untimely and we affirm the denial.
¶ 7. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF WITH PREJUDICE IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.