838 So.2d 994 (2002)
Thomas HILL, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-01654-COA.
Court of Appeals of Mississippi.
November 19, 2002.
Rehearing Denied February 25, 2003.
*995 Thomas Hill, Pro Se, attorney for appellant.
Office of the Attorney General by John R. Henry Jr., attorney for appellee.
Before McMILLIN, C.J., THOMAS, and BRIDGES, JJ.
McMILLIN, C.J., for the court.
¶ 1. Thomas Hill filed a pleading in circuit court that sought to have the court award him credits against his sentence that had allegedly been improperly denied by the Mississippi Department of Corrections. He specifically disclaimed that this was a challenge to his conviction or underlying sentence. The circuit court dismissed the petition. We affirm.

*996 Facts
¶ 2. Hill has been convicted on a variety of crimes beginning in 1980. The first three noted in the record were for two burglaries and for grand larceny, for which he was imprisoned from 1980 until 1983. In 1984, he was convicted for rape, attempted rape, and armed robbery. Two of the sentences were imposed on him as an habitual offender. In the present proceedings, the circuit court found that he would be eligible for parole on October 30, 2003, his tentative discharge date is September 4, 2005, and the "maximum discharge date" is April 2, 2012.
¶ 3. On May 26, 2000, Hill filed a request for an administrative remedy with the Mississippi Department of Corrections Administrative Remedy Program. He alleged that he should be allowed trusty earned time and an administrative reduction of sentence. On July 5, 2000, Hill received a First Step Response Form, stating that he had received 180 days of credit while serving the non-habitual portion of his sentence but that he was now serving the habitual portion and that could not be reduced. The same day, Hill filed for the Second Step review and on September 1, 2000, received the same response. Immediately initiating the Third Step, Hill was on November 17, 2000, again told that trusty earned time was inapplicable to the mandatory part of his sentence. This answer was given by the Commissioner of Corrections, Robert Johnson. Hill did not appeal.
¶ 4. The present action was commenced on July 30, 2001, when the "Petition for an Order to Show Cause" was filed in the Sunflower County Circuit Court. Hill stated in his petition that he was not attacking the legality of his sentence. Instead, he wanted the circuit court to order the relief that the internal review process had denied him.
¶ 5. The circuit court denied relief on September 26, 2001. The court examined each of Hill's sentences and determined that he was not entitled to any reduction to them. Hill was initially denied the right to appeal in forma pauperis in this case, as the circuit court determined that he had not filed for post-conviction relief. On reconsideration, the court found that this claim did fall under the post-conviction relief statutes and allowed him to proceed accordingly.

Discussion

I.

Jurisdiction
¶ 6. Hill argues 1) that he is serving a non-habitual sentence under which he is eligible for earned time, 2) other inmates are allowed to earn trusty time, 3) that a recent statute does not contain a prohibition of awarding trusty earned time to any offender participating in an approved work program while in trusty status, and 4) the trial court was clearly erroneous in not providing a hearing on his claims. The State finds its own issue and argues that Hill's complaint should have been dismissed as being an untimely effort to seek judicial review of an administrative proceeding. Because the State's argument would lead us to find that there is nothing on the merits of Hill's claims for us to review, we examine it first.
¶ 7. Hill did not invoke the Post-Conviction Relief Act in his motion to the circuit court. In fact, Hill specifically stated that he was "not attacking the legality of his sentence," and there is no challenge to the convictions themselves. Instead, he wanted "application of Earned Good Time allowance" to be applied to his sentence. The State argues that since Hill failed to appeal from the Department of Corrections's administrative denial of his claims, his only remaining possible recourse was *997 the post-conviction statutes. The State finds those statutes unusable as well. The list of relevant challenges under those statutes indicates that an inmate may claim that his conviction or sentence is invalid in a variety of ways, but there is no explicit right under these statutes to challenge the internal actions of the Department of Corrections or the conditions of his confinement. Miss.Code Ann. § 99-39-5 (Rev. 2000). However, the Act is available to argue that a sentence has expired but that the movant is still incarcerated. Miss. Code Ann. § 99-39-5(1)(g) (Rev.2000). Does this open up the circuit court to review the application of credits to sentences, at least after the time that such denied credits would have caused the inmate's release from prison? We do not answer the question, because the supreme court has resolved the issue in a different way.
¶ 8. The supreme court has ruled on the merits without questioning jurisdiction in a suit brought by an inmate who argued that he was "entitled to accumulate earned time while serving the mandatory portion of his armed robbery conviction that he then can apply to the time he is required to serve on a subsequent consecutive sentence." Wilson v. Puckett, 721 So.2d 1110, 1111-12(¶ 5) (Miss.1998). The suit was brought as a petition for writ of habeas corpus and named various officials of the Department of Corrections as defendants. The court cited an earlier appeal that also considered the merits of such a claim regarding earned time credits; the inmate there had entitled his pleading a "Petition for Writ of Habeas Corpus or in the Alternative Motion to Show Cause." Williams v. Puckett, 624 So.2d 496, 497 (Miss.1993). The court in neither case said that this was actually a post-conviction relief suit. In other litigation the court has found that the writ of habeas corpus remains available even though the Post Conviction Relief Act explicitly establishes the procedure to replace habeas corpus in most situations. Carson v. Hargett, 689 So.2d 753, 755 (Miss.1996), citing Miss.Code Ann. § 99-39-3(1) (Rev.2000).
¶ 9. Regardless of what the present suit should be called, we note that it was brought, as was Williams, as a "Petition to Show Cause," and it named various officials of the Department of Corrections as the defendants.
¶ 10. The State also makes an alternative argument. Since Hill pursued an internal administrative process first and was denied relief, failure to appeal from that is in essence res judicata. If an administrative process is established for initial consideration of a claim and then judicial review is available but not sought, generally an independent action is barred since the administrative remedies were not exhausted. That rule has been applied in the prison context, which does have an administrative procedure to protect inmate rights that is followed by judicial review. Miss.Code Ann. § 47-5-807 (Rev.2000) (judicial review within 30 days of final action); Brown v. State, 752 So.2d 464, 465(¶ 4) (Miss.Ct.App.1999) (failure to appeal within 30 days bars claims). Another inmate with a similar issue on earned time credits followed the appeal process that the State urges here. Randall v. Roberts, 736 So.2d 1083, 1086(¶ 4) (Miss.Ct.App.1999). Judge Coleman for this Court found that after the internal process was over, a petition for order to show cause or for an order directing that petitioner be given certain credits was the proper approach. Id. citing the appellate review statute, Miss.Code Ann. § 47-5-807 (Rev.2000).
¶ 11. Though we find the argument a compelling one, we determine that the consideration of this issue in Williams and Wilson by the supreme court requires that *998 we do so here. Both of those appeals addressed claims regarding the alleged mis-computation of credits for sentences, and those claims were filed directly in court after the adoption of the Administrative Review Procedure Act for the Department of Corrections in 1989. No reference was made in either opinion to the need to utilize the administrative procedures. We find that there is jurisdiction for a court to consider claims regarding the denial of various credits to sentences. We now turn to Hill's claim.

II.

Hill's status as an habitual criminal
¶ 12. Hill's first argument is that he cannot be serving a sentence as an habitual criminal since the trial court found that he was eligible for parole on October 30, 2003. Basically, since anyone serving a sentence as an habitual criminal is ineligible for parole, the court's finding must be inconsistent with his alleged status. The error in Hill's approach is that though he is presently serving two consecutive ten-year sentences as an habitual criminal, which he began serving on October 30, 1983, there are other sentences waiting to be served when those twenty years have passed. Those later ones are not mandatory sentences, and credits of various kinds may be appropriate as to them.

III.

Equal protection violation
¶ 13. Hill next argues that other offenders serving mandatory sentences are being allowed to receive trusty earned time. We have been provided with an exhibit that reveals another prisoner who has received such credit, but it does not indicate that the inmate is serving a mandatory sentence. Thus, it is not relevant evidence.

IV.

Interpretation of statute on earned time credit
¶ 14. Hill argues that the statute applicable to earned time credit permits any inmate to be assigned to a work program and earn that credit against his or her sentence. This is the statute:
In addition to any other administrative reduction of sentence, an offender in trusty status as defined by the classification committee of the Department of Corrections may be awarded trusty time allowance of ten (10) days' reduction of sentence for each thirty (30) days of participation in approved work programs while in trusty status.
Miss.Code Ann. § 47-5-138.1 (Rev.2000) (amended in 2001 to include specific programs for which earned time can be accumulated).
¶ 15. The statute immediately following what we have quoted contains two separate prohibitions relevant here:
(1) An inmate shall not be eligible for earned time allowance if: ...
(b) The inmate was convicted as an habitual offender under Section 99-19-81 through 99-19-87; ...
(d) The inmate was convicted of a sex crime.
Miss.Code Ann. § 47-5-139 (Rev.2000).
¶ 16. Hill was convicted of attempted rape and sentenced to ten years as an habitual offender. That sentence was to be served consecutively to a ten-year sentence conviction for armed robbery as an habitual offender. He was also convicted of rape and sentenced to twenty years. We find that the proper interpretation of these two statutes is that Hill is ineligible *999 for earned time allowance on the habitual and mandatory portion of his sentences.

V.

Requirement of a hearing on post-conviction relief
¶ 17. The trial court did not grant Hill a hearing on his present pleadings. He argues that his suit should be considered under the post-conviction relief statutes, and that he was entitled to a hearing.
¶ 18. If this matter should be considered under the post-conviction relief statutes, then once the trial court concludes that it "plainly appears from the fact of the motion, any annexed exhibits and the prior pleadings in the case that the movant is not entitled to any relief," then no hearing is needed. Miss.Code Ann. § 99-39-11 (Rev.2000). Examining those same materials, we find no need for the circuit court to have granted a hearing in this case.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.