KING, P.J.,
for the court.
¶ 1. Omar Ramsey prosecutes this appeal from the Leflore County Circuit Court’s denial of his “Petition For Reimpo-sition of Original Sentence.” Ramsey had been sentenced to fifteen years in prison with five years suspended and the remaining ten years suspended pending his successful completion of the Regimented Inmate Discipline (RID) Program.
¶ 2. Ramsey was terminated from the RID program due to his alleged involvement in gang-related activity. He appealed his termination through the Administrative Remedy Program (ARP), but the decision to terminate was affirmed. More than a year later, Ramsey filed his petition with the circuit court challenging the decision of the ARP.
¶ 3. Following a hearing on the merits of Ramsey’s petition, the circuit court ruled that pursuant to Mississippi Code section 47-5-807, as amended, and the holding in Brown v. State, 752 So.2d 464 (Miss.Ct.App.1999), Ramsey had thirty days following his receipt of ARP’s final decision to seek judicial review of that decision. Having found that the certificate of ARP completion was signed on July 29, 1998, and that Ramsey did not begin to seek judicial review until November 2, 1999, the circuit court ruled that the time for seeking judicial review had expired. Ramsey’s petition was denied and the cause was dismissed with prejudice.
DISCUSSION
¶ 4. In this pro se appeal, Ramsey once again argues the merits of his claim of wrongful termination from the RID program. The legal remedy available to Ramsey and any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure is as follows:
Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency’s final decision, seek judicial review of the decision.
Miss.Code Ann. § 47-5-807 (Rev.2000). In Brown v. State, the authority relied upon by the circuit court in the case at bar, this Court held that:
Prior to filing his motion for post-conviction relief, Brown, utilizing the MDOC Administrative Remedy Program (ARP), attacked the validity of his termination from the RID program. Brown received the agency’s final decision on September 10, 1996, and filed his post-conviction motion on April 20, 1998. In denying Brown’s post-conviction motion, the trial judge stated: “The Court finds that the present motion for post conviction relief is nothing more than an appeal from the ARP decision. The time for judicial review expired 30 days after he was informed that his administrative remedy had been exhausted.” We agree. The time for judicial review expired, and Brown cannot now ... gain review of an ARP decision when he failed to seek judicial review within the thirty days allowed.
Brown, 752 So.2d at (¶ 4).
¶ 5. Since Ramsey failed to file for judicial review within the thirty-day time limit prescribed by the statute, the circuit court was correct in denying his petition. Accordingly, we affirm the holding of the circuit court.
*1225 ¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.