834 So.2d 747 (2003)
Patrick Evans CLARK a/k/a Patrick E. Clark, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-01853-COA.
Court of Appeals of Mississippi.
January 14, 2003.
*748 Patrick Evans Clark (Pro se), attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
EN BANC.
KING, P.J., for the court.
¶ 1. Patrick Evans Clark perfected this appeal from an order dismissing his petition for post-conviction collateral relief entered by the Circuit Court of Panola County, Mississippi. On February 12, 1999, Clark pled guilty to a charge of capital murder and was sentenced as an habitual offender to a term of life imprisonment without the possibility of parole in the custody of the Mississippi Department of Corrections.
¶ 2. Clark filed a pro se petition for post-conviction collateral relief on March 30, 2001. On July 9, 2001, the petition was dismissed by the trial court. On appeal, Clark raises the following issues:
I. Whether Clark received ineffective assistance of counsel.
II. Whether Clark's plea of guilty was knowingly, intelligently and voluntarily entered.

FACTS
¶ 3. On November 19, 1998, Clark was indicted for capital murder and burglary. Clark was represented by appointed counsel.
¶ 4. On February 12, 1999, Clark executed a petition to enter a plea of guilty on the capital murder charge. During the guilty plea hearing on February 12, 1999, the trial judge questioned Clark extensively to determine whether his plea to the charge of capital murder as an habitual offender was knowingly and voluntarily made. The trial judge asked Clark whether he understood the nature of the charges against him. Clark stated that he understood the charges and was in fact guilty.
¶ 5. The trial judge questioned Clark to determine whether he had ever been treated for any mental or emotional sickness. Clark indicated that he had not been treated for such. The trial judge informed Clark that pleading guilty would waive his right to a jury trial and other constitutional rights including the right to testify on his own behalf, or not to testify, as he chose. Clark indicated that he understood his waiver of these rights.
¶ 6. Additionally, the trial judge asked Clark's attorney whether he felt as if he had been given adequate preparation time for this matter. Clark's attorney stated that he did have adequate time to prepare for this case. The trial judge also asked *749 Clark if he was satisfied with the work and the services that had been furnished him by his attorney. Clark said, "yes."
¶ 7. Consequently, the trial judge accepted Clark's plea of guilty to capital murder.
¶ 8. The State then presented evidence which established Clark as an habitual offender pursuant to Mississippi Code Annotated Section 99-19-81 (Rev.2000). The trial judge sentenced Clark to life imprisonment on the capital murder charge and stated that the "defendant will be required to serve this as a mandatory sentence and will not be eligible for good time, parole or any other early release from the Mississippi Department of Corrections."
¶ 9. In March 2001, Clark filed a petition for post-conviction collateral relief. That petition was dismissed as being without merit. From that denial of relief, Clark has perfected this appeal.

ISSUES AND ANALYSIS

I.

Whether Clark received ineffective assistance of counsel.
¶ 10. Clark contends that he was denied effective assistance of counsel. He maintains that his attorney refused to file motions requesting: (1) funds to hire a criminal investigator in preparation for his defense and (2) funds to provide for expert assistance and a psychiatric examination.
¶ 11. To establish an ineffective assistance of counsel claim, a party must show a deficiency of counsel's performance that is sufficient to constitute prejudice to his defense. Walker v. State, 703 So.2d 266(¶ 8) (Miss.1997).
¶ 12. Clark claims that his attorney had no prior experience in defending capital murder cases. However, Clark does not show how this lack of prior experience constituted prejudice to his defense. Clark has not established that his attorney's failure to file certain motions caused such ineffectiveness which would have resulted in a different outcome had the motions been filed. Clemons v. State, 732 So.2d 883(¶ 35) (Miss.1999). An attorney's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections falls within the ambit of trial strategy. Scott v. State, 742 So.2d 1190(¶ 14) (Miss.Ct.App. 1999).
¶ 13. In fact, Clark was asked by the trial judge whether he was satisfied with counsel's services, to which he replied yes. He now tells this Court that he was in fact not satisfied with the services of his attorney. Indeed, in his amended petition for post-conviction collateral relief, Clark asserts that his attorney only spent approximately ten minutes with him in preparing for his case on the two occasions that he and his attorney met regarding the capital murder charge.
¶ 14. Having originally testified to satisfaction with his attorney's services, Clark bears the responsibility of offering proof of facts to support his claim of ineffective assistance of counsel. Howard v. State, 785 So.2d 297(¶ 6) (Miss.Ct.App. 2001). That proof is required to be more than Clark's unsubstantiated statement. Vielee v. State, 653 So.2d 920, 922 (Miss. 1995).
¶ 15. This Court's review of the record leads to the conclusion that he has failed to provide that proof.

II.

Whether Clark's plea of guilty was knowingly, intelligently and voluntarily entered.
¶ 16. Clark contends that his guilty plea was not knowingly and voluntarily *750 made. He maintains that he was pressured by his attorney against his will to plead guilty.
¶ 17. Rule 8.04(A)(3) of the Uniform Circuit and County Court Rules states:
3. Voluntariness. Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
Swift v. State, 815 So.2d 1230(¶ 11) (Miss. Ct.App.2001).
¶ 18. In his brief, Clark does not establish that he was coerced or pressured into pleading guilty based on the record. He merely states that "he had no other choice but plead guilty" because his attorney failed to adequately prepare a defense for trial.
¶ 19. The trial judge asked Clark whether he had been mistreated or threatened by anyone in any way in order to plead guilty. Clark indicated that he had not been mistreated or threatened. The trial judge then asked Clark if, to his knowledge, anyone had used any form of trickery, deceit, or promised him leniency or mercy in exchange for a plea of guilty. Clark acknowledged that none of this had occurred. The trial judge asked the following as well:
Q. Tell me in your words what you think a plea of guilty is, Mr. Clark.
A. A plea of guilty is if the defendant feels that he's guilty of such crime he's been accused of and choose [sic] not to go to trial and will accept whatever the State offers him.
Q. And admit your guilt?
A. That is a plea of guilty.
Q. You admit your guilt?
A. Right.
¶ 20. After extensive inquiry, the trial judge determined that Clark's guilty plea was knowingly, intelligently and voluntarily made. The trial court stated:
THE COURT: The Court will accept the offered plea of guilty to Count 3 of Patrick Evans Clark. Mr. Clark is alert. He's responsive to my questions. I do not detect any mental or emotional sickness that would prevent him from making his decision. He appears to be well advised of his rights by his attorney, David Walker. And, in addition, he has petitioned the Court in his own handwriting for the Court to accept his plea. It is, therefore, accepted.
The record before this Court supports the finding of the trial court that Clark's plea of guilty was a knowing, intelligent and voluntary act.
¶ 21. THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT DISMISSING THE POST-CONVICTION RELIEF PETITION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR.
GRIFFIS, J., NOT PARTICIPATING.