839 So.2d 611 (2003)
Willie BOOKER, Appellant,
v.
Barbara BAILEY, Lawrence Kelly and Robert Johnson, Appellees.
No. 2002-CP-00919-COA.
Court of Appeals of Mississippi.
March 11, 2003.
Willie Booker (Pro Se), attorney for appellant.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
Before SOUTHWICK, P.J., LEE and MYERS, JJ.
*612 SOUTHWICK, P.J., for the court.
¶ 1. The Sunflower County Circuit Court dismissed Willie Booker's post-conviction motion as frivolous. Booker appeals the dismissal, pressing the claim that his life sentence was improperly converted to one without possibility of parole. We affirm.

FACTS
¶ 2. Booker was convicted of murder in Calhoun County and sentenced to life imprisonment on January 24, 1997. In the direct appeal of the conviction, this Court affirmed. Booker v. State, 745 So.2d 850 (Miss.Ct.App.1998). In May 2001, Booker filed a grievance with the Office of Legal Claims at the state prison, claiming his prison classification sheet did not contain a parole or other release date and requested correction of this error.
¶ 3. When the relief sought through the administrative grievance procedure was denied, Booker eventually filed a motion to show cause why his prison classification should not be corrected to reflect that he was sentenced to life imprisonment, not life without possibility of parole.

DISCUSSION
¶ 4. Booker filed suit against a variety of prison administration officials for correction of his inmate classification. This was the same approach taken by another inmate and which we allowed to proceed in Hill v. State, 838 So.2d 994 (Miss. Ct.App.2002). For the same reasons, we consider Booker's claims. Booker argues that he was neither indicted nor convicted as an habitual offender and thus is not subject to a mandatary prison term without eligibility for parole. He further asserts that the trial court did not stipulate that his sentence of a life term was without possibility of parole. Failing this, ineligibility for parole should not be implied.
¶ 5. In support of his argument, Booker relies upon two authorities. The first is the federal Sentencing Reform Act. 28 U.S.C. § 991, et seq. This act specifically states its application to the federal criminal justice system. Booker was convicted under the state homicide statute. The provisions of the federal sentencing guidelines do not apply.
¶ 6. The second authority cited by Booker is a recent state judicial precedent which held that imprisonment for life without possibility of parole for the crime of murder was impermissible when such a sentence was not authorized by statute. Stevenson v. State, 674 So.2d 501, 506 (Miss.1996). An illegal sentence would require remedial action by this Court. However, Booker's sentence was not illegal. A defendant convicted of murder is to be sentenced to life imprisonment. Miss. Code Ann. § 97-3-21 (Rev.2000). This provision must be read in conjunction with others that detail which classes of crimes permit the possibility of parole following conviction. Other than first-time offenders convicted of nonviolent crimes, persons convicted after June 30, 1995, are ineligible for parole. Miss.Code Ann. § 47-7-3(1)(g) (Rev.2000). This applies to Booker.
¶ 7. Booker's additional argument that he was not indicted or convicted as an habitual offender does not warrant reversal. Whether or not he is an habitual offender is of no importance to the validity of this sentence. Habitual offender status is but one route to a prison term without possibility of parole. Another method is to commit certain crimes of violence. Booker did, and he is not eligible for parole. The statute is applicable to him even though the words "without parole" were never spoken at his initial sentencing.
*613 ¶ 8. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DISMISSING WITH PREJUDICE THE MOTION TO SHOW CAUSE IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.