898 So.2d 687 (2005)
Patrick Evans CLARK A/K/A Patrick E. Clark, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02437-COA.
Court of Appeals of Mississippi.
October 12, 2004.
Rehearing Denied February 1, 2005.
Certiorari Denied April 14, 2005.
*688 Patrick Evans Clark, attorney for appellant, pro se.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before KING, C.J., IRVING and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Patrick Evans Clark, pro se, appeals from an order entered in the Circuit Court of Panola County, dismissing his motion for post-conviction relief. Clark raises two issues on appeal: (1) whether the circuit court erred in dismissing his motion as an impermissible successive attempt to obtain post-conviction relief, and (2) whether the circuit court failed to apply the correct standard of review to Clark's pro se pleadings. We conclude that Clark's motion was an impermissible second attempt to gain post-conviction relief that did not fall within any statutory exceptions to the prohibition of successive motions for post conviction relief. Moreover, Clark's motion was filed beyond the three-year time limit. As such, Clark's claims are procedurally barred, and any issues regarding the "standard of review" used by the trial court need not be considered.

STATEMENT OF FACTS
¶ 2. The pertinent facts of this case are recited in Clark v. State, 834 So.2d 747 (Miss.Ct.App.2003), but we review them again briefly here. On February 23, 1999, Clark's guilty plea to capital murder was entered, and he was sentenced to life in prison as an habitual offender.
¶ 3. On March 30, 2001, Clark filed his first motion for post-conviction relief with the Panola County Circuit Court. In that motion, Clark argued that he received ineffective assistance of counsel and that his guilty plea was not knowing and voluntary. The circuit court denied his motion for post-conviction relief and Clark appealed. This Court affirmed the lower court's decision. Id.
¶ 4. On August 29, 2003, Clark filed a second motion for post-conviction relief which he titled "Motion for Post Conviction Relief to Vacate Conviction and Sentence." The circuit court denied Clark's motion as an impermissible successive attempt at post-conviction relief and as time-barred. The relevant code section on successive attempts at post-conviction relief reads: "The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter." Miss.Code Ann. § 99-39-27(9) (Supp.2003). Hence, Clark's second motion is procedurally barred unless it fits within an enumerated statutory exception.
*689 ¶ 5. Regarding the enumerated exceptions, that same code section provides, "Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence." Miss.Code Ann. § 99-39-27(9) (Supp.2003). Clark cites no intervening cases or newly discovered evidence which would except his claim from the procedural bar. Thus, his second motion is an impermissible successive attempt at post conviction relief, in violation of Mississippi Code Annotated § 99-39-27(9) (Supp.2003).
¶ 6. Clark's motion is also time-barred as it does not fall within the three year time limitation. The time limitation appears in § 99-39-5(2), which reads in relevant part: "a motion for relief under this chapter shall be made within three years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or... in case of a guilty plea, within three (3) years after entry of the judgment of conviction." Miss.Code Ann. § 99-39-5(2) (Supp.2003). Clark filed his second motion on August 29, 2003, and his guilty plea was filed on February 23, 1999. Thus, Clark's second motion for post-conviction relief is time-barred, and we affirm the circuit court's ruling.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.