960 So.2d 521 (2006)
Patrick Evans CLARK, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01977-COA.
Court of Appeals of Mississippi.
November 7, 2006.
Rehearing Denied March 20, 2007.
*522 Patrick Evans Clark, appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., CHANDLER, GRIFFIS and ROBERTS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Patrick Evans Clark appeals the denial of a motion for post-conviction relief. Clark raises three issues on appeal: (1) whether his plea of guilty was involuntarily given, (2) whether he suffered from lack of ineffective assistance of counsel, and (3) whether the trial court imposed an illegal sentence. We find no error and affirm.

FACTS
¶ 2. Clark has twice been before this Court, and we have twice rejected his arguments. See Clark v. State, 898 So.2d 687 (Miss.Ct.App.2004); Clark v. State, 834 So.2d 747 (Miss.Ct.App.2003). The prior *523 opinions notwithstanding, we will briefly review the facts.
¶ 3. On February 23, 1999, Clark pled guilty to capital murder. He was sentenced to life in prison as an habitual offender. On March 30, 2001, Clark filed his first motion for post-conviction relief. He argued that he received ineffective assistance of counsel and that his guilty plea was not entered knowing and voluntarily. Id. at 748(¶ 2). This Court affirmed the lower court's decision. Id. at 750(¶ 21).
¶ 4. On August 29, 2003, Clark filed a second motion for post-conviction relief. The circuit court denied Clark's motion as an impermissible successive attempt at post-conviction relief and as time-barred. This Court once again affirmed the lower court's decision. Clark, 898 So.2d at 689(¶ 7).
¶ 5. On September 12, 2005, Clark filed a third motion for post-conviction relief, which is the subject of the present appeal. The trial court denied the motion and held, once again, that it was barred as a successive writ and was time-barred. From this order, Clark appeals.

STANDARD OF REVIEW
¶ 6. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct. App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS
¶ 7. "The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter." Miss.Code Ann. § 99-39-27(9) (Supp.2005). In addition to this motion being barred as successive writ, the time to file a motion for post-conviction relief is within three years after the entry of the judgment of conviction. Miss.Code Ann. § 99-39-27(2) (Supp.2005). Since Clark's guilty plea was entered on February 12, 1999, over six years passed before the filing of the current motion for post-conviction relief on September 12, 2005. Therefore, unless the motion can fall within one of the legislative or judicial exceptions it is procedurally barred as a successive writ, as well as, time-barred.
¶ 8. Of the applicable legislative exceptions, Section 99-39-27(9) excepts from the statutory bar:
those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.
Clark does not cite any intervening cases or newly discovered evidence which would provide an exception to the procedural bar. All three allegations of error fall within one or more of the procedural bars.
¶ 9. There appears to be one judicial exception to the procedural bar mentioned above that may apply in this case. It has been long held "errors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration." Kennedy v. State, 732 So.2d 184, 186(¶ 8) (Miss.1999) (citing Luckett v. *524 State, 582 So.2d 428, 430 (Miss.1991)). The supreme court has held that it is a fundamental right to be free from an illegal sentence. Sneed v. State, 722 So.2d 1255, 1257(¶ 11) (Miss.1998). Here due to the successive writ bar mentioned above, this exception only applies to the alleged error of an illegal sentence, since this is the first time Clark has raised it. Therefore, we address Clark's motion on this issue.
¶ 10. Clark alleges that the trial court erred by sentencing him as an habitual offender, under Mississippi Code Annotated Section 99-19-81 (Supp.1998), when he was indicted as an habitual offender under Mississippi Code Annotated Section 99-19-83 (Supp.1998). The trial court found the State had failed to prove Clark was an habitual offender under Section 99-19-83 and then sentenced him under Section 99-19-81 to life imprisonment without the possibility for parole. Clark argues that while it would have been permissible for the State to move to amend the indictment to charge Clark properly under Section 99-19-81, the trial judge abused his discretion in sentencing Clark without such a motion.
¶ 11. We will discuss this issue but do not find an abuse of discretion that would require reversal. "Habitual offender status is but one route to a prison term without possibility of parole. Another method is to commit certain crimes of violence." Booker v. Bailey, 839 So.2d 611, 612(¶ 7) (Miss.Ct.App.2003). As in Booker, Clark was convicted of a crime that provided for life imprisonment without parole. Clark was convicted of capital murder under Mississippi Code Annotated Section 99-19-101 (Supp.1998), which carries a sentence of either life imprisonment, life imprisonment without eligibility for parole, or death. Mississippi Code Annotated Section 47-7-3(1)(f) (Supp.1998) provides that "no person shall be eligible for parole who is charged, tried, convicted and sentenced to life imprisonment under the provisions of Section 99-19-101."
¶ 12. Clark was indicted for capital murder in violation of Mississippi Code Annotated Section 97-3-19 (Supp.1998). Clark executed a petition to enter plea of guilty, which indicated his desire to plead guilty to the charge of "capital murder." The petition indicated that the possible sentence was death, life or life without parole. The petition further indicated that he had reached an agreement with the State that in exchange for a plea of guilty to capital murder the State would not seek the death penalty, but would recommend a sentence of "life without parole." The petition reveals that his prior felony convictions are identified in the "State's response to the motion for discovery." According to the plea transcript, each of these issues were adequately and fully discussed. The trial court then entered a judgment that sentenced Clark as follows:
It is therefore ordered that for the offense of Capital Murder the Defendant, Patrick Evans Clark, is hereby sentenced to serve a term of Life Imprisonment in the Mississippi Department of Corrections pursuant to Section 99-19-101 and Section 99-19-81, Mississippi Code 1972 Annotated, as amended, whereby this sentence shall not be reduced or suspended, nor shall Defendant be eligible for parole, probation, earned time, good time, or any other administrative reduction of time or early release.
¶ 13. Clark was properly sentenced to life imprisonment without parole. Arguing a technical defect between the sentencing under Section 99-19-81 as opposed to Section 99-19-83 is of little or no effect. If any error were found, which is not, it would certainly not be reversible error. *525 Clark received a legal sentence. Therefore, we find no reversible error and affirm.
¶ 14. THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT DISMISSING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.