CHANDLER, J.,
for the Court.
¶ 1. Michael Angelo Bolton was convicted of murder on April 30, 1998. Bolton filed a post-conviction relief (PCR) petition, which was denied and affirmed on appeal. Bolton then filed a motion to clarify his sentence. The court ruled that the motion was nothing more than another PCR, and summarily denied it as being a successive writ. Aggrieved, Bolton petitions this Court to reverse the lower court’s denial of his second PCR and determine:
I. WHETHER THE TRIAL COURT ERRED BY DENYING BOLTON’S REQUEST TO CLARIFY HIS SENTENCE.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On the evening of November 16, 1996, Bolton, along with his wife Tara and Cleveland Floyd, robbed Rickey L. Spratt, a taxicab driver. During the course of the robbery, Spratt was fatally shot by Floyd. The Boltons and Floyd were indicted in May 1997 on a charge of capital murder. Bolton pled guilty to a reduced charge of murder. The State made no recommendation for sentencing, and the circuit court judge ordered Bolton to serve a life sentence in the custody of the Mississippi Department of Corrections on April 30, 1998.
¶ 4. Bolton filed a PCR, which was denied and affirmed on appeal. Bolton v. State, 831 So.2d 1184 (Miss.Ct.App.2002). Bolton then filed a motion to clarify his sentence, which was considered by the circuit court as another PCR and barred as a successive writ.
¶ 5. From that order, Bolton filed a notice of appeal to this Court. Bolton argues that his sentence was ambiguous because he claims that under the plea agreement, he was to receive a life sentence with the eligibility for parole. However, he argues that the time computation of the record department for the Mississippi Department of Corrections does not show any parole date.
LAW AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED BY DENYING BOLTON’S REQUEST TO CLARIFY HIS SENTENCE.
¶ 6. Bolton argues that the motion to clarify his sentence should have *111 been granted. He asks this Court to order the circuit court to clarify his sentence and for the appropriate documents to be sent to the records department of the Mississippi Department of Corrections for correct time computation. However, Bolton cites no case law nor authority to support his argument. Failure to cite relevant authority obviates the appellate court’s obligation to review such issues. Simmons v. State, 805 So.2d 452, 487(¶ 90) (Miss.2002). Further, this Court will not upset a lower court’s decision to deny a motion for post-conviction relief absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002).
¶ 7. A prisoner may file a motion for post-conviction relief for any one of the reasons enumerated in Mississippi Code Annotated Section 99-39-5(2) (Supp.2006), subject to the requirements of subsection (2), which provides in pertinent part:
A motion for relief under this article shall be made within three (3) years after the time in which the prisoner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, ... in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those eases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had it been introduced at trial it would have caused a different result in the conviction or sentence....
¶ 8. Bolton pled guilty to murder. The State did not offer a sentence recommendation and on April 30, 1998, the court ordered Bolton to serve a “life” term. Bolton did not file a petition to clarify his sentence until October 28, 2004, well after the statute of limitations had expired. In addition, Bolton neither asserts any exception listed in Section 99-39-5(2), nor do any apply. Thus, Bolton is time-barred from bringing this claim.
¶ 9. Moreover, under Mississippi Code Annotated Section 99-39-23(6) (Supp. 2006), “any order dismissing the prisoner’s motion or otherwise denying relief ... is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” Again, Bolton offers no exceptions listed in Section 99-39-23(6), nor are any applicable to his case. Miss.Code Ann. § 99-39-23(6). Thus, we find that the lower court’s summary dismissal of Bolton’s second PCR is correct and affirm pursuant to Sections 99-39-5(2) or 99-39-23(6).
¶ 10. Notwithstanding the procedural bar, we will address Bolton’s sentence. Pursuant to Mississippi Code Annotated Section 97-3-21 (Rev.2006), a defendant convicted of murder “shall be sentenced by the court to imprisonment for life in the State Penitentiary.” This Court has held that “[o]ther than first-time offenders convicted of nonviolent crimes, persons convicted after June 30, 1995, are ineligible for parole.” Booker v. Bailey, 839 So.2d 611, 612(¶ 6) (Miss.Ct.App.2003) (citing Miss.Code Ann. § 47-7-3(l)(g)). Bolton was convicted of murder in 1998. Therefore, his sentence to life in prison was correct and he is not eligible for parole.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS *112 AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.