**Terry W. SPENCE, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–14822.**

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1969.

Terry W. Spence, pro se.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for respondent.

PER CURIAM:

This is an original proceeding in which Terry W. Spence, presently confined in the Oklahoma State Penitentiary, seeks a writ of mandamus to direct the Warden of the State Penitentiary to compute his term and give him good time and work credits according to prison time calculation chart in use at the time Petitioner was originally sentenced to the penitentiary in 1965.

Petitioner alleges that he was originally incarcerated in the Oklahoma State Penitentiary in 1965 on his conviction for the crime of burglary for which he was sentenced to serve a four and one-half year term with six months incarceration and the remaining four years on probation pending good conduct. In 1967 while on probation Petitioner pled guilty to the charge of burglary and was sentenced to

an additional two year term in the penitentiary. Petitioner alleges that upon his return to the penitentiary to serve the balance of the four and one-half year sentence he was informed that his good time credits and work credits would be calculated according to a new chart suggested by a ruling of the Attorney General after the passage of the Oklahoma Corrections Act of 1967, 57 O.S.Supp.1968, § 501 et seq. Petitioner claims that his good time and work credits should be computed on the basis of the chart in existence when he was originally sentenced to the penitentiary in 1965 and that to compute his sentence on the basis of a new chart violates his rights as the imposition of an ex post facto law.

This identical contention has been dealt with by this Court on previous occasions and rejected. In Lyles v. Page, Okl.Cr., 442 P.2d 542, this court held:

"The use of a time calculation chart by the prison authorities is not provided for in the statutes, or the constitution of the State of Oklahoma, and, therefore, no rights have accrued to this petitioner under same. Such calculation chart has been established by the prison authorities for their convenience. Further, the ex post facto operation of laws as promulgated by the State and Federal Constitutions refers only to statutory or constitutional provisions, and not to any administrative rules and regulations, such as the time calculation chart."

It is therefore apparent that Petitioner has failed to state a cause of action for the issuance for a writ of mandamus and accordingly the motion of the State to dismiss must be sustained and the writ requested is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.