IRVING, J.,
 

 for the Court.
 

 ¶ 1. Jerry Rice, an inmate in the custody of the Mississippi Department of Corrections (MDOC), appeals from an order of the Circuit Court of Sunflower County, which upheld a decision of the MDOC denying Rice trusty status.
 

 ¶ 2. Finding no reversible error in the circuit court’s order, we affirm.
 

 FACTS
 

 ¶ 3. In 1992, Rice was convicted of aggravated assault and was sentenced to twelve years’ confinement. The following year, pursuant to a plea agreement, he entered a guilty plea to charges of kidnap-ing and capital murder. Pursuant to the plea agreement, Rice was given a life sentence for the capital murder and a sentence of thirty years for the kidnaping. The orders sentencing Rice stated that the capital murder sentence would run consecutively to Rice’s 1992 sentence, and that the kidnaping sentence would run consecutively to the capital murder sentence. In other words, Rice was sentenced to serve his aggravated assault time, then the capital murder sentence, and then the kidnap-ing sentence.
 

 ¶ 4. Rice filed a complaint with the MDOC’s Administrative Remedy Program (ARP) in early 2008, seeking to be placed into trusty status. The ARP administrator issued an opinion on April 10, 2008, that stated that the MDOC’s records showed that Rice was not eligible for trusty status. The reason for his ineligibility was not set out in the opinion. Rice then filed a document in the Circuit Court of Sunflower County styled “Motion to Show Cause,” which was treated by the circuit court as an appeal from the ARP’s
 
 *685
 
 opinion. Rice attached a sentence-computation record to his filing. The computation showed that Rice was in trusty status from September 6, 2002, until January 9, 2003. Rice admitted in his filing that he was removed from trusty status due to a rule violation.
 

 ¶ 5. It appears from the record that when Rice filed his complaint with the ARP, he was under the impression that the MDOC was running his life sentence first. He argued that if he were able to serve the kidnaping sentence first and be placed into trusty status, he could reduce the amount of time he would serve before beginning his life sentence.
 

 ¶ 6. At the hearing on his appeal before the circuit court, Gloria Gibbs, the MDOC corrections-records technical supervisor, explained how Rice’s sentences were being applied. She said that in 1997, Rice completed his sentence for the aggravated assault charge and that he then began serving his thirty-year sentence for kidnaping. Circuit Judge Betty W. Sanders asked Gibbs why the kidnaping sentence was being served before the life sentence, since the 1993 sentencing judgments had ordered that the life sentence be served first. Gibbs’s response was: “that’s just the way they worked it. Probably because he was sentenced on the same day.” Judge Sanders then asked the MDOC’s attorney, James M. Norris, “Mr. Norris, how do they flip them like that? That’s not what the order says.” Norris responded that he did not know why it was done like that, “but it doesn’t make any difference because the capital murder can’t be discharged.” Judge Sanders responded that it did make a difference because it was obvious that Rice did not understand his sentence. Judge Sanders further stated that she thought that the MDOC should run the sentence the “way the [sentencing] judge said it.... [B]eeause it seems to me the intent was that [Rice] wouldn’t get out. And, see, if [Rice] knew that, [he] wouldn’t have any reason to file a lawsuit.”
 

 ¶ 7. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
 

 ANALYSIS AND DISCUSSION OF THE ISSUE
 

 ¶ 8. We note at the outset that even if Rice were granted trusty status, he could not use any earned trusty time to reduce the time that he must serve before becoming eligible for parole. Since April 2004, the MDOC, pursuant to Mississippi Code Annotated section 47-7-3(2) (Supp. 2009), has stopped applying trusty time to reduce an offender’s parole eligibility date. Section 47-7-3(2) states that “an inmate shall not be eligible to receive earned time, good time or any other administrative reduction of time which shall reduce the time necessary to be served for parole eligibility[.]”
 
 [1]
 
 Thus, Rice’s placement into trusty status would not reduce the amount of time that he has to serve before becoming eligible for parole on the kidnaping conviction. Rice does not question that his life sentence could not be reduced by placement into trusty status, as Mississippi Code Annotated section 47-5-138.1(2)(a) (Rev.2004) specifically states that an offender in trusty status sentenced to life imprisonment shall not have his sentence reduced.
 

 ¶ 9. Furthermore, we note that the MDOC’s decision to change its application of the trusty-time policy is not an ex post facto application of the law as to Rice. We
 
 *686
 
 base our decision upon two opinions, one from the Mississippi Supreme Court and the other from this Court, which have affirmed the MDOC’s ability to change its interpretation of the law regarding parole eligibility for offenders without running afoul of the ex post facto prohibition. In
 
 Taylor v. Mississippi State Probation and Parole Board,
 
 365 So.2d 621, 622 (Miss.1978), the MDOC and the Mississippi Parole Board changed their methods of calculating parole eligibility in order to correct a prior misinterpretation of section 47-7-3. The Mississippi Supreme Court held that “administrative correction of a prior misinterpretation of parole laws” does “not violate the ex post facto clause of the United States or Mississippi Constitutions” even if it caused the offender to serve more time on his sentence.
 
 Id.
 
 Citing
 
 Taylor,
 
 this Court found that the MDOC’s change in its application of its policies regarding another area of parole eligibility for offenders was not an ex post facto violation.
 
 Snow v. Johnson,
 
 913 So.2d 334, 338-39(¶ 14) (Miss.Ct.App.2005).
 

 ¶ 10. Had Rice’s sentences been run in accordance with the 1993 sentencing orders, he would currently be serving a life sentence and would be unable to hasten his parole eligibility date with any trusty earned time. As we understand Rice’s contentions, he does not complain that his life sentence should be running now instead of his kidnaping sentence; rather, Rice contends only that he should be able to enter trusty status and earn time with which to reduce the amount of time that he must serve before becoming eligible for parole. We find no merit to this contention. According to his sentencing order, Rice should serve his capital murder sentence before his kidnaping sentence; in short, Rice should currently be serving time for his capital murder conviction rather than his kidnaping conviction. Rice’s capital murder conviction makes him ineligible for the privilege of entering trusty status. Therefore, there is no merit to any complaint that he should be given the opportunity to enter trusty status.
 

 ¶ 11. Finally, we note that Rice was discharged from trusty status due to an unspecified rule violation. Nothing in the record indicates the severity of his violation or the impact that it had on whether he would be considered for trusty status again at some future date. It is entirely likely that this violation has made Rice ineligible for trusty status. Regardless, the question of whether his prior violation makes him ineligible is moot in light of his capital murder sentence.
 

 ¶ 12. Thus, we find that Rice’s argument on appeal is without merit, and we affirm the judgment of the circuit court.
 

 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . In its brief, the State acknowledges that for a time the MDOC allowed trusty time to reduce an offender's parole date, but it later determined such an application was in violation of section 47-7-3(2).